**Affirmed and Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00049-CV

_____

**GEICO GENERAL INSURANCE COMPANY F/K/A HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellant**

**V.**

**AUSTIN POWER INC., Appellee**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-23483**

## O P I N I O N

Appellant GEICO General Insurance Company challenges the trial court's summary judgment in favor of Austin Power on a breach of contract claim relating to an insurer's duty to defend. Because we find that the pleadings in the underlying lawsuit allege claims that potentially fall within coverage under the insurance policy, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an insurance-coverage dispute arising from an underlying lawsuit, *Bradley v. AEP Texas Central Company*, Cause No. 2007-26854 in the 63rd District Court of Val Verde County, Texas. In that case, Weldon Bradley and his wife Ruth sued several defendants, including Austin Power, Inc., alleging that Weldon was injured by his exposure to the defendants' asbestos-containing products and machinery. In their factual allegations, the *Bradley* plaintiffs did not identify the date Weldon's injury occurred. In 2008, the trial court in the *Bradley* case granted summary judgment in favor of Austin Power and dismissed it from the case. The parties have stipulated that Austin Power incurred $54,706.67 in attorney's fees and costs in defending the *Bradley* case.

Austin Power held a commercial general liability insurance policy issued by GEICO's predecessor, covering the period from December 31, 1969, to December 31, 1970. Under the policy's terms, GEICO has a duty to defend Austin Power against any claims arising out of an occurrence that results in bodily injury during the coverage period, even if the allegations are groundless, false, or fraudulent.[1] In response to the *Bradley* suit, Austin Power demanded reimbursement for its defense costs from GEICO. The trial court in the coverage lawsuit granted traditional summary judgment in favor of Austin Power, denied GEICO's competing summary-judgment motion, and ordered GEICO to pay Austin Power's attorney's fees and costs from the *Bradley* suit, the coverage suit, and any appeals. GEICO appeals the judgment of the trial court, arguing that because the claim in the *Bradley* petition lacked a specific temporal factual allegation it was not a potentially covered claim under the insurance policy and thus did not trigger GEICO's duty to defend.

---

[1] Only GEICO's duty to defend Austin Power, and not its duty to indemnify, is at issue here because of the favorable disposition for Austin Power in the *Bradley* case.

## II. GOVERNING LAW

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). At trial, a movant for traditional summary judgment has the burden to show that there are no genuine issues of material fact to be entitled to judgment as a matter of law. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). In determining whether there is a genuine fact issue precluding summary judgment, all evidence favorable to the nonmovant is taken as true and all reasonable inferences are made in the nonmovant's favor. *Id.*

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered or reverse and remand if neither party has met its summary judgment burden. *Id.*

An insurer has a duty to defend when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the coverage terms of the policy. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006). Even if the allegations are groundless, false, or fraudulent, the insurer is obligated to defend. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). The duty to defend is independent from the duty to indemnify and can exist even when no obligation to indemnify is ultimately found. *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997).

In determining whether an insurer has a duty to defend, we follow the eight-corners rule, also known as the complaint-allegation rule: "an insurer's duty to defend is

determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Zurich*, 268 S.W.3d at 491 (quoting *GuideOne*, 197 S.W.3d at 308). When applying the eight-corners rule, we construe the allegations in the pleadings liberally. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). We resolve all doubts regarding the duty to defend in favor of the insured. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). If the pleadings do not contain factual allegations sufficient to bring the case clearly within or without the coverage terms, the general rule is that the insurer is obligated to defend if there is any potential claim under the pleadings that falls within the coverage of the policy. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141 (citing *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)); *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994). In the case of ambiguity in the underlying petition, the court may not read facts into the pleadings, look outside the pleadings, or "imagine factual scenarios which might trigger coverage." *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 142. However, the eight-corners rule does not require us to ignore those inferences logically flowing from the facts alleged in the petition. *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs., Inc.*, 252 S.W.3d 450, 456 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 645 (Tex. 2005) (inferring a profit motive from the insured's leasing of her property for limestone mining even though the pleadings made no reference to any pecuniary interest)). A liability policy obligates the insurer to defend the insured against any claim that potentially could be covered. *Heyden Newport Chem. Corp.*, 387 S.W.2d at 26.

### III. ANALYSIS

We first turn to the policy language at issue here. Under the policy's terms, GEICO is required to defend Austin against any suits arising from "an accident, including

4

injurious exposure to conditions, which results, during the policy period, in bodily injury." The policy period is defined as December 31, 1969, to December 31, 1970.

Looking at the petition in the underlying *Bradley* suit, there is no specific date of injury alleged. However, we find other indications of time of injury. Plaintiffs alleged that Austin Power "created hazardous and deadly conditions to which Mr. Bradley was exposed and which caused him to be exposed to a large amount of asbestos fibers." By re-incorporation, the plaintiffs alleged that Mr. Bradley was exposed to asbestos "on numerous occasions," and that "each exposure" caused or contributed to his injuries. In the conspiracy count against all defendants, we find the allegation that "for many decades, Defendants [acted] . . . individually, jointly and in conspiracy with each other and other entities . . . ." Finally, the plaintiffs alleged damages resulting from "asbestos-related lung disease."

GEICO argues that because there is no specific date of injury in the *Bradley* petition that it failed to allege a claim that potentially is covered under the terms of the policy. GEICO argues that nothing is alleged suggesting that Mr. Bradley was injured during the policy period. In support of its argument, GEICO attempts to distinguish the holding in *Gehan Homes Ltd. v. Employers Mutual Casualty Co.*, 146 S.W.3d 833 (Tex. App.—Dallas 2004, pet. denied) from the present case. In *Gehan Homes*, the third-party claimants sued the insured for "past" bodily injuries and property damage. *Id.* at 846. The Fifth Court of Appeals court reversed the trial court's summary judgment and held that, given the court's obligation to construe the pleadings liberally and resolve any doubts in favor of coverage, the insurer failed to establish that "there was no allegation of a potential occurrence within the policy coverage period." *Id*. at 846. GEICO points out that the *Bradley* petition, unlike the petition in *Gehan Homes*, did not include the signifier, "past." According to GEICO, the Fifth Court of Appeals could infer from the use of the

word "past" that the claimant's injury occurred during a prior window of time, but the *Bradley* petition leaves us unable to take a similar logical step.   We disagree.

As in *Gehan Homes*, the claimants in this case also alleged that the injury occurred before the petition was filed.   Although they did not use the word "past," they used the past tense in alleging that Weldon Bradley "*has suffered* injuries" from asbestos exposure (emphasis added).   They also alleged numerous exposures and that a conspiracy had existed for many decades.   Finally, we know that it can take years of exposure to produce asbestos- related diseases.   *See Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156, 1162 (4th Cir. 1986); *Borg-Warner Corp. v. Flores,* 232 S.W.3d 765, 770 (Tex. 2007)   In effect, the Bradleys alleged that Weldon was injured sometime before the petition was filed.   Nothing in the pleadings negates the possibility that the injury occurred between December 31, 1969 and December 31, 1970.   Construing the pleadings liberally and resolving any doubts in the insured's favor, we agree with the trial court that this is an allegation of a potential occurrence within the policy's coverage period.   *See Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Gehan Homes*, 146 S.W.3d at 846.

GEICO further tries to distinguish *Gehan Homes* by arguing that the court of appeals erroneously imposed the burden of proof on the insurer to establish a lack of coverage rather than on the insured to show the actual existence of coverage.   GEICO claims that an insured must first establish coverage before the burden shifts to the insurer to prove that an exclusion applies to defeat coverage.   The court in *Gehan Homes* reviewed the granting of summary judgment for the insurer and reversed because the insurer failed to conclusively establish that the pleadings contained no allegation of a potentially covered claim.   *Gehan Homes*, 146 S.W.3d at 846.   As noted above, a movant for traditional summary judgment has the burden to show there is no genuine issue of material fact. *KPMG Peat Marwick*, 988 S.W.2d at 748.   While GEICO's characterization of the proper burdens of proof is accurate in the context of some coverage disputes, the burden in a

6

motion for traditional summary judgment falls on the movant. Thus, in *Gehan Homes*, the insurer moved for summary judgment on the duty to defend, and therefore was required to establish as a matter of law that no covered claims were alleged in the pleadings. As the movant for traditional summary judgment, GEICO bore the same burden, and like the insurer in *Gehan Homes*, GEICO failed to meet it.

Citing *Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co.*, 279 S.W.3d 650 (Tex. 2009), GEICO also argues that a court's obligation to construe the pleadings liberally does not permit it to infer a claim that might have been, but was not, alleged. *Pine Oak*, however, is readily distinguishable. In that case, the coverage dispute arose from an underlying construction-defect claim. *Id*. at 651. Pine Oak held an insurance policy from Great American that excluded coverage of claims for damage to Pine Oak's finished work, unless the claim arose from work performed by Great American's subcontractors. *Id*. at 653. The plaintiff in the underlying case named only Pine Oak in its petition alleging defective work. *Id*. at 655. Pine Oak attempted to bring the claim within the scope of coverage by introducing extrinsic evidence that the allegedly defective work was performed by a subcontractor, but the Texas Supreme Court refused to consider this evidence in determining the duty to defend. *Id*. The court noted that the extrinsic evidence contradicted the allegations in the pleadings that Pine Oak alone was responsible for the defective work, and refused to read facts into the pleadings that were not actually alleged. *Id*. at 655–56.

Unlike the insured in *Pine Oak* and in the other cases on which GEICO relies, Austin Power's coverage claim does not depend upon extrinsic evidence or on facts that are not encompassed within the factual allegations in the underlying suit. [2] Here, the

---

[2] *See, e.g.*, *KLN Steel Prods. Co., Ltd. v. CNA Ins. Cos.*, 278 S.W.3d 429, 439 (Tex. App.—San Antonio 2008, pet. denied) (holding no duty to defend where policy covered defamation and business disparagement, but plaintiff alleged only patent infringement, theft of trade secrets, unfair competition, and deceptive trade practices); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 773, 779–80 (Tex. App.—Houston [14th Dist.] 2006) (finding no duty to defend where policy required that additional

allegations themselves, when construed liberally in favor of the insured, are sufficient to state a claim that is potentially within coverage. The plaintiffs in the underlying suit alleged facts that supported an inference of coverage and that were "sufficient to permit proof on a trial" of the truth of the inference. *See Heyden Newport Chem. Corp.*, 387 S.W.2d at 26. The allegations in the *Bradley* petition, when construed liberally in favor of Austin Power, support the inference that Weldon's injury potentially occurred during the policy period, and therefore the claim is potentially covered. This is sufficient to trigger GEICO's duty to defend the suit. *See Gen. Star Indem. Co.*, 252 S.W.3d at 456.

We accordingly overrule the sole issue presented on appeal and affirm the trial court's judgment.

/s/      Tracy Christopher
         Justice

Panel consists of Chief Justice Hedges, Justice Christopher and Judge Kerrigan.[3]

---

insured's liability arise from named insured's conduct, and plaintiff alleged only that named insured caused the harm), *aff'd in part and rev'd in part on other grounds*, 300 S.W.3d 740 (Tex. 2009). *See also Empire Indem. Ins. Co. v. Allstate Cnty. Mut. Ins. Co.*, 319 F. App'x. 336, 340 (5th Cir. 2009) (finding no duty to defend where policy covered family of named insured and persons driving a covered auto, but the petition contained no factual allegations about the vehicle driven or the relationship of the driver to the named insured); *Amerisure Mut. Ins. Co. v. Travelers Lloyds Ins. Co.*, No. H-09-662, 2010 WL 1068087, at *5–6 (S.D. Tex. Mar. 22, 2010) (finding no duty to defend where subcontractor was insured against liability for harm that occurred while it was performing its work, and it was alleged only that subcontractor used a substance that subsequently caused harm). To the extent that cases cited by GEICO conflict with *Gehan Homes*, we find them unpersuasive. *See Markel Int'l Ins. Co., Ltd. v. Campise Homes, Inc.*, No. G-05-491, 2006 WL 1662604, at *2 (S.D. Tex. June 6, 2006) (finding no duty to defend where policy did not allege the date on which damage from construction defects occurred or manifested). *But see Mid-Continent Cas. Co. v. Academy Dev., Inc.*, No. H-08-21, 2010 WL 3489355, at *7 (S.D. Tex. Aug. 24, 2010) (finding duty to defend based on liberal construction of pleadings and the inference that damage occurred before a lawsuit was filed).

[3] Hon. Patricia J. Kerrigan, 190th District Court, Harris County, Texas, sitting by assignment pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).