**ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY,**
Appellant

v.

Bobby WOOTTON and Mary Wootton,
d/b/a M. Wootton Construction,
Appellees

NO. 14-14-00657-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 29, 2016

Rehearing Overruled June 9, 2016

Michael L. Orsak, Richmond, TX, Ronald J. Restrepo, Houston, TX, for Appellant.

Joseph Kelly Watts, Sugarland, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

Kem Thompson Frost, Chief Justice

This appeal arises out of a dispute between an insurer and its insureds as to the insurer's duty to defend. We must determine whether the trial court erred in granting summary judgment and declaring as a matter of law that (1) the insurer must defend its insureds in the underlying suit and (2) the insureds have the right to select their defense counsel and require the insurer to pay that counsel's reasonable and necessary attorney's fees. We conclude that the trial court did not err in granting summary judgment as to the duty to defend but that the trial court erred in granting summary judgment regarding the insureds' right to select defense counsel and compel the insurer to pay that counsel's fees. Accordingly, we affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, Juan Gonzalez, Sr. filed suit against his son, Juan Gonzalez, Jr., and appellees/plaintiffs Bobby Wootton and Mary Wootton, d/b/a M. Wootton Construction (hereinafter the "Woottons"), seeking to recover damages resulting from Gonzalez, Jr.'s alleged negligence in operating a truck, which allegedly caused a collision in which Gonzalez, Sr. sustained personal injury (hereinafter the "Underlying Suit"). Gonzalez, Sr. alleged that the Woottons owned the truck at the time of the collision and that they were responsible for Gonzalez, Jr.'s negligence in operating the truck. Gonzalez, Sr. also alleged the elements of a negligent-entrustment claim.

### Personal–Injury Plaintiffs Claim under the Policy

Before filing suit, Gonzalez, Sr. made a claim under a Business Auto Policy issued to the Woottons by appellant/defendant Allstate County Mutual Insurance Company (hereinafter the "Policy"). Allstate responded by denying liability coverage for Gonzalez, Sr.'s claim under the Policy.

### Defense of the Underlying Suit

After Gonzalez, Sr. sued the Woottons, they tendered defense of the Underlying Suit to Allstate under the Policy. In response, Allstate retained an attorney to defend the Woottons in the Underlying Suit and sent a reservation-of-rights letter to the Woottons. In addition to reserving its rights to withdraw a defense in the future and to deny coverage, Allstate informed the Woottons that they had the right to retain a different attorney to represent them in the Underlying Suit but that the Woottons would have to do so at their own cost.

### Declaratory–Judgment Claims

The Woottons wanted to retain an attorney of their choosing and have Allstate pay that attorney's reasonable and necessary attorney's fees. Therefore, the Woottons filed this declaratory-judgment suit against Allstate, asking the trial court to declare that Allstate is obligated to defend the Woottons in the Underlying Suit through counsel of their choice. In addition to seeking declaratory relief, the Woottons requested reasonable and necessary attorney's fees under section 37.009 of the Civil Practice and Remedies Code, which governs awards of such fees and other costs under the Declaratory Judgments Act.

Allstate filed declaratory-judgment counterclaims against the Woottons, seeking a declaration that Allstate had no duty to defend the Woottons for the claims against them in the Underlying Suit. Allstate asserted that Gonzalez, Sr. and Gonzalez, Jr. were acting in the course and scope of their employment with the Woottons at the time of the collision made the basis of the Underlying Suit and that therefore three exclusions in the Policy eliminated any duty to defend the Woottons.[1]

### Cross–Motions for Summary Judgment

The Woottons filed a motion for traditional summary judgment, asserting the following grounds: (1) the summary-judgment evidence proves as a matter of law that Allstate has a duty to defend the Woottons in the Underlying Suit; (2) as a matter of law, the eight-corners rule, as applied to the Policy and Gonzalez, Sr.'s pleading in the Underlying Suit, imposes on Allstate a duty to defend the Woottons in the Underlying Suit; and (3) because of issues regarding the respondeat-superior theory in the Underlying Suit, the attorney Allstate chose to defend the Woottons labors under a potential conflict of interest, and therefore the Woottons have the right to select an attorney to represent them and to require that Allstate pay the attorney's reasonable and necessary attorney's fees in the Underlying Suit. The Woottons sought a summary judgment awarding them declaratory relief as well as reasonable and necessary attorney's fees for pursuing their declaratory-judgment claims.

Allstate filed a cross-motion for traditional summary judgment, seeking a declaration that Allstate owes no duty to defend

---

1. Allstate also asserted declaratory-judgment claims against Gonzalez, Jr. Allstate later nonsuited these claims.

the Woottons in the Underlying Suit. Allstate asserted that an exception to the eight-corners rule applies. According to Allstate, after considering extrinsic evidence showing that Gonzalez, Sr. and Gonzalez, Jr. were acting within the course and scope of their employment with the Woottons at the time of the collision that gave rise to the Underlying Suit, three exclusions in the Policy demonstrate that Allstate has no duty to defend the Woottons. In its summary-judgment motion, Allstate did not seek summary judgment as to the Woottons' request for a declaration that the Woottons have the right to select an attorney to represent them in the Underlying Suit and to have Allstate pay that attorney's reasonable and necessary attorney's fees.

### Trial Court's Rulings

The trial court signed an interlocutory summary judgment in which the court (1) granted the Woottons' summary-judgment motion, (2) denied Allstate's summary-judgment motion, (3) ordered that Allstate must provide the Woottons a defense in the Underlying Suit, (4) ordered that the Woottons have the right to select the attorney to defend them in the Underlying Suit and that Allstate shall pay that attorney's reasonable and necessary attorney's fees and expenses incurred in this defense; and (5) awarded the Woottons reasonable and necessary attorney's fees and costs on their declaratory-judgment claims as well as conditional appellate attorney's fees.

Allstate filed a motion for reconsideration of the court's summary-judgment order and attached to the motion excerpts from the depositions of Gonzalez, Sr. and Gonzalez, Jr., both of which were taken after the trial court signed the summary-judgment order. Allstate filed a supplement to this motion that included the transcript of Bobby Wootton's deposition. The trial court denied Allstate's reconsideration motion.

### Settlement of the Underlying Suit and Appeal of Summary-Judgment Order

Allstate settled the Underlying Suit on behalf of the Woottons and Gonzalez, Jr., and Allstate nonsuited certain claims in the case under review.[2] After the summary-judgment order became final, Allstate perfected this appeal.

### II. ISSUES AND ANALYSIS

In its first appellate issue, Allstate asserts that an exception to the eight-corners rule allows courts to consider extrinsic evidence in determining whether Allstate has a duty to defend. Allstate urges that upon considering extrinsic evidence, this court should reverse the trial court's finding that Allstate has a duty to defend the Woottons in the Underlying Suit. In its second issue, Allstate asserts that this court should reverse the trial court's duty-to-defend finding because the undisputed evidence shows that, at the

**2.** Allstate reported to the trial court in the case under review that Allstate settled the Underlying Suit on behalf of the Woottons and Gonzalez, Jr. at mediation. Despite the settlement of the Underlying Suit, there still is a live, justiciable controversy in this case as to: (1) whether Allstate or the Woottons are entitled to declaratory relief regarding Allstate's duty to defend, (2) whether the Woottons are entitled to declaratory relief regarding their alleged right to select the attorney to defend them in the Underlying Suit and to require that Allstate pay the attorney's reasonable and necessary attorney's fees and expenses incurred in this defense, and (3) the Woottons' requests for attorney's fees under the Declaratory Judgments Act. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467–68 (Tex.1995); *Ward v. Lamar University*, 484 S.W.3d 440, 450–52, 2016 WL 145817, at *7–8 (Tex.App.–Houston [14th Dist.] Jan. 12, 2016, no pet.).

time of the accident, Gonzalez, Sr. was the Woottons' employee and was acting in the course and scope of his employment. In its third issue, Allstate asserts that, if we hold that Allstate has a duty to defend the Woottons in the Underlying Suit, we should reverse the trial court's declaratory judgment that the Woottons are entitled to counsel of their choice at Allstate's expense because the facts to be adjudicated in the Underlying Suit are not the same as the facts upon which coverage depends.

■ Allstate asserts that the trial court erred in granting the Woottons' summary-judgment motion and in denying Allstate's summary-judgment motion. Though Allstate did not seek a final judgment in its motion, Allstate sought declaratory relief as a matter of law on the duty-to-defend issue, on which the Woottons also sought summary judgment. Accordingly, we may review the trial court's denial of Allstate's motion on the duty-to-defend issue. *See Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 664 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) (concluding that appellate court may render judgment on a cross-motion to the extent that, in the cross-motion, the movant sought summary judgment on the same issue addressed in the summary-judgment motion the trial court granted).

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the non-

movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

■ Allstate also asserts that the trial court erred in denying its motion for reconsideration of the summary-judgment order. To reverse this ruling, we must determine that the trial court abused its discretion in denying the motion. *See Burnett v. Carnes Funeral Home, Inc.*, No. 14–12–01159–CV, 2014 WL 2601567, at *4 (Tex.App.–Houston [14th Dist.] June 10, 2014, no pet.) (mem.op.).

**A. If the eight-corners rule applies, does the summary-judgment evidence prove as a matter of law that the insurer has a duty to defend?**

■ In the Policy, Allstate promised to defend and indemnify the Woottons. The duty to defend is distinct from, and broader than, the duty to indemnify. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex.2008); *GEICO General Ins. Co. v. Austin Power, Inc.*, 357 S.W.3d 821, 823–24 (Tex.App.–Houston [14th Dist.] 2012, pet. denied). An insurer must defend its insured if a plaintiff's factual allegations potentially support a covered claim, while the facts actually established in the underlying suit determine

whether the insurer must indemnify its insured. *See Nokia, Inc.*, 268 S.W.3d at 490; *Austin Power, Inc.*, 357 S.W.3d at 823–24. Thus, an insurer may have a duty to defend but, in the long run, no obligation to indemnify. *See Nokia, Inc.*, 268 S.W.3d at 490–91; *Austin Power, Inc.*, 357 S.W.3d at 823–24.

 In determining whether an insurer has a duty to defend its insured, Texas courts follow the eight-corners rule, also known as the complaint-allegation rule, which the Supreme Court of Texas has described as follows: " '[A]n insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations.' " *Nokia, Inc.*, 268 S.W.3d at 491 (quoting *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex.2006)). *See Austin Power, Inc.*, 357 S.W.3d at 823–24. Thus, " '[e]ven if the allegations are groundless, false, or fraudulent the insurer is obligated to defend.' " *Nokia, Inc.*, 268 S.W.3d at 491 (quoting 14 Couch on Insurance § 200:19). *See Austin Power, Inc.*, 357 S.W.3d at 823–24. In making the duty-to-defend determination, we resolve all doubts regarding the duty to defend in favor of the existence of a duty, and we construe the pleadings liberally. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. If the petition does not contain factual allegations sufficient to clearly bring the underlying case within or without the coverage, the general rule is that the insurer is obligated to defend if the petition potentially includes a claim that falls within the coverage of the policy. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. The duty to defend is not affected by facts ascertained before suit or developed in the course of litigation, or by the ultimate outcome of the suit. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. In applying the eight-corners rule, courts may not read facts into the pleadings or look outside the pleadings; but, the eight-corners rule does not require the court to ignore the inferences that logically flow from the facts alleged in the petition. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. If a petition potentially includes a covered claim, the insurer must defend the entire suit. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. With this legal standard in mind, we turn to the language of the Policy.

 The Woottons are insureds under the Policy for any "covered auto." The Policy covers vehicles owned by the Woottons and listed in a schedule of "covered autos" contained in the Policy.[3] The Policy states that coverage is afforded for damages the insured is legally obligated to pay "because of bodily injury ... caused by an accident and resulting from the ownership, maintenance or use of a covered auto."[4] The Policy contains various exclusions. Among these are provisions specifying the Policy does not provide coverage for the following:

> Any obligation for which the insured or the insured's insurer may be held liable under any workers compensation, dis-

---

**3.** Allstate agrees that the vehicle Gonzalez, Jr. was driving at the time of the accident made the basis of the Underlying Suit was a "covered auto" under the Policy.

**4.** The Policy states in section II. A.:

> We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

ability benefits or unemployment compensation law or any similar law.

. . .

Bodily Injury to . . . [a]n employee of the insured arising out of and in the course of employment by the insured. . . .

. . .

Bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment.

In the Underlying Suit, Gonzalez, Sr. made the following allegations in support of his claims against the Woottons:

- On or about August 13, 2008, in Fort Bend County, Texas, Gonzalez, Jr. was negligent in the operation of a truck.

- Gonzalez, Jr.'s negligence proximately caused a collision in which Gonzalez, Sr. sustained actual damages.

- At the time of the collision in question, the Woottons were the owners of the vehicle driven by Gonzalez, Jr.

- On or about August 13, 2008, the Woottons allowed Gonzalez, Jr. to use their vehicle for the purpose of operating it on the public streets and highways of Texas.

- Gonzalez, Jr. operated the vehicle with the knowledge, consent, and permission of the Woottons.

- When Gonzalez, Jr. operated the vehicle, he had a suspended driver's license, and, because of that suspension, was not allowed to operate a motor vehicle on the public streets and highways.

- The Woottons knew, or in the exercise of due care, should have known, that Gonzalez, Jr. had a suspended license and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

- Gonzalez, Jr., for whose acts and omissions the Woottons are responsible, engaged in several acts and omissions constituting negligence, including failure to keep such a lookout as a reasonable and prudent person would have kept and failure to properly apply the brakes of the truck in sufficient time to avoid hitting the dumpster.

- As a direct and proximate result of the Woottons' negligence, Gonzalez, Sr. has suffered actual damages, including disfigurement and past and future (1) reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicine, and other services, (2) physical pain, (3) mental anguish, and (4) physical and mental impairment.

In his petition, Gonzalez, Sr. does not address whether he or Gonzalez, Jr. are employees of the Woottons or whether Gonzalez, Sr.'s injuries arose out of or in the course of Gonzalez, Sr.'s employment. Nor does Gonzalez, Sr. include in his pleading any facts that would trigger any exclusion under the Policy, and no inferences logically flow from the facts alleged in the petition that would trigger any exclusion under the Policy. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. In applying the eight-corners rule, we may not read facts into the pleadings or look outside the pleadings. *See Nokia, Inc.*, 268 S.W.3d at 491; *Austin Power, Inc.*, 357 S.W.3d at 823–24. Therefore, if the eight-corners rule applies, we may not consider the extrinsic evidence submitted in support of Allstate's summary-judgment motion or its reconsideration motion in support of the proposition that the accident made the ba-

sis of the Underlying Suit occurred while Gonzalez, Sr. and Gonzalez, Jr. were acting in the course and scope of their employment with the Woottons. *See Nokia, Inc.,* 268 S.W.3d at 491; *Austin Power, Inc.,* 357 S.W.3d at 823–24. We conclude that, if the eight-corners rule applies to the determination of Allstate's duty to defend, the summary-judgment evidence proves as a matter of law that Gonzalez, Sr.'s petition potentially includes a claim that falls within the Policy's coverage and that Allstate has a duty to defend the Woottons in the Underlying Suit. *See Nokia, Inc.,* 268 S.W.3d at 490–98; *Austin Power, Inc.,* 357 S.W.3d at 823–26.

**B. Would the summary-judgment evidence prove as a matter of law that the insurer has a duty to defend the insureds in the underlying suit under any potentially applicable exception to the eight-corners rule?**

Under its first and second issues, Allstate asserts that this court should apply an exception to the eight-corners rule. Allstate presents two different formulations of the proposed exception. Under one formulation, Allstate argues that extrinsic evidence may be considered under a rather broad exception to the eight-corners rule if (1) the pleading in the underly-

ing case does not contain sufficient facts to determine whether coverage exists, and (2) the extrinsic evidence goes solely to a fundamental issue of coverage that does not overlap with the merits of, or engage the truth or falsity of, any facts alleged in the underlying case (hereinafter the "Broad Exception"). Under the other formulation, Allstate argues that extrinsic evidence may be considered under a narrower exception to the eight-corners rule if (1) it is impossible to discern whether coverage is potentially implicated by the pleading in the underlying case, and (2) the extrinsic evidence goes solely to a fundamental issue of coverage that does not overlap with the merits of, or engage the truth or falsity of, any facts alleged in the underlying case (hereinafter the "Narrow Exception"). We now address whether either of these proposed exceptions shows that the trial court erred in granting the Woottons' summary-judgment motion and in denying Allstate's summary-judgment motion.

**1. The Broad Exception**

Despite various requests over the years to recognize exceptions to the eight-corners rule, the Supreme Court of Texas has never done so.[5] *See Pine Oak Builders,*

---

**5.** In *Weingarten Realty Management Company v. Liberty Mutual Fire Insurance Company,* this court created a "very narrow exception to the eight-corners rule" that applies *"only* when an insurer establishes by extrinsic evidence that a party seeking a defense is a stranger to the policy and could not be entitled to a defense under any set of facts." 343 S.W.3d 859, 865 (Tex.App.–Houston [14th Dist.] 2011, pet. denied) (emphasis added). Allstate does not argue that it has established by extrinsic evidence that the Woottons are strangers to the Policy who could not be entitled to a defense under any set of facts, and Allstate does not assert that the case under review falls within the very narrow exception *Weingarten Realty* created.

In *Burks v. XL Specialty Insurance Company,* this court reviewed a summary judgment regarding an insurer's duty to advance defense expenses under a claims-made policy, which did not impose a duty to defend on the insurer. *See* No. 14–14–00740–CV, —— S.W.3d ——, ——, 2015 WL 6949610, at *2, 6 (Tex.App.–Houston [14th Dist.] Nov. 10, 2015, no pet.), *judgm't vacated w.r.m.,* 2016 WL 191988, at *1 (Tex.App.–Houston [14th Dist.] Jan. 12, 2016, no pet.) (sup.mem.op.). The *Burks* court concluded that the eight-corners rule did not bar the insured from using extrinsic evidence to show potential coverage under an interrelated-claims provision in the policy. *See id.* at ——, 2015 WL 6949610, at *3. Allstate is not an insured, and the case under review does not involve any issue of potential

*Inc. v. Great Am. Lloyds Ins. Co.,* 279 S.W.3d 650, 654–56 (Tex.2009). Though, as explained below, our high court discussed in *GuideOne* the possibility of recognizing an exception to this rule, the high court did not do so, and it has continued to emphasize the importance of adherence to the eight-corners rule. *See Ewing Const. Co. v. Amerisure Ins. Co.,* 420 S.W.3d 30, 33 (Tex.2014) (stating that "Texas courts follow the eight corners rule in determining an insurer's duty to defend" and that "[u]nder that rule, courts look to the facts alleged within the four corners of the pleadings, measure them against the language within the four corners of the insurance policy, and determine if the facts alleged present a matter that could potentially be covered by the insurance policy"); *Evanston Ins. Co. v. Legacy of Life, Inc.,* 370 S.W.3d 377, 380 (Tex. 2012) (stating that "[w]hen determining whether an insurer has a duty to defend, we follow the eight corners rule by looking at the four corners of the complaint for alleged facts that could possibly come within the scope of coverage in the four corners of the insurance policy"); *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 334 S.W.3d 217, 219 (Tex.2011) (stating that "the determination as to duty to defend is according to the eight-corners rule wherein only the pleadings and the policy language are considered"); *D.R. Horton–Texas Ltd. v. Markel Int'l Ins. Co.,* 300 S.W.3d 740, 744 (Tex.2009) (stating that the "analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine"); *Nokia, Inc.,* 268 S.W.3d at 497 (stating that "while Maryland has recognized exceptions, in some limited circumstances, to

the eight-corners rule, Texas has not") (quotations omitted); *GuideOne Elite Ins. Co.,* 197 S.W.3d at 308–11 (discussing possibility of adopting exception to eight-corners rule); *King v. Dallas Fire Ins. Co.,* 85 S.W.3d 185, 187 (Tex.2002) (stating that "[a]n insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy").

In *GuideOne,* the Supreme Court of Texas held that it would not recognize an exception to the eight-corners rule under the circumstances of that case. *See GuideOne Elite Ins. Co.,* 197 S.W.3d at 308–11. The circumstances in today's case are not the same circumstance as those in *GuideOne. See id.* Nonetheless, beyond this holding, the *GuideOne* court made deliberate statements for future guidance in the conduct of litigation. *See Edwards v. Kaye,* 9 S.W.3d 310, 314 (Tex.App.–Houston [14th Dist.] 1999, pet. denied). These statements are judicial dicta binding on this court. *See GuideOne Elite Ins. Co.,* 197 S.W.3d at 308–11; *Edwards,* 9 S.W.3d at 314. According to the United States Court of Appeals for the Fifth Circuit, the teaching of *GuideOne* is that, though the Supreme Court of Texas may never recognize an exception to the eight-corners rule, if it were to recognize an exception, it would do so only in the narrow circumstance in which it is " 'impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case.' "[6] *Liberty Mut. Ins. Co. v. Gra-*

---

coverage under an interrelated-claims provision. So, the *Burks* case is not on point. *See id.* Allstate does not rely upon *Burks.*

6. This potential exception is the Narrow Exception for which Allstate advocates in part of its briefing.

*ham,* 473 F.3d 596, 600–601 (5th Cir.2006) (quoting *GuideOne Elite Ins. Co.,* 197 S.W.3d at 309, and applying Texas law). After the Fifth Circuit decided *Graham,* the Supreme Court of Texas, in the *Nokia* case, embraced this characterization of *GuideOne. See Nokia, Inc.,* 268 S.W.3d at 497–98. The *Nokia* court described the foregoing narrow situation in which an exception to the eight-corners rule might be recognized. *See id.* at 497. The *Nokia* court then concluded that, even if the extrinsic evidence in *Nokia* pertained solely to coverage, the circumstances in *Nokia* did not fit within the narrow scenario in which an exception might be granted because it was not " 'initially impossible to discern whether coverage is potentially implicated.' " *Id.* at 498 (quoting *GuideOne Elite Ins.,* 197 S.W.3d at 309).

Under current law, if the Supreme Court of Texas were to allow any exception to the eight-corners rule, it would be the Narrow Exception. *See Nokia, Inc.,* 268 S.W.3d at 497. To the extent Allstate argues that the trial court erred in granting summary judgment based on application of the Broad Exception, this argument fails because this exception does not require that it be impossible to discern whether the pleading in the underlying case potentially implicates coverage. *See id.*

### 2. The Narrow Exception

The circumstances of today's case do not fall within the Narrow Exception described by the Supreme Court of Texas as a potential exception to the eight-corners rule. *See id.* In his pleadings in the Underlying Suit, Gonzalez, Sr. sought to recover personal-injury damages he allegedly sustained in a collision proximately caused by Gonzalez, Jr.'s negligence in driving a vehicle owned by the Woottons. Gonzalez, Sr. made allegations that would support the Woottons' liability for Gonzalez, Jr.'s negligence based on a negligent-entrustment theory. *See Martin v. Avis Rent–A–Car Sys., Inc.,* 932 S.W.2d 697, 699 (Tex.App.–Houston [14th Dist.] 1996, writ denied). Under the allegations in the Underlying Suit, Gonzalez, Sr. seeks to recover damages that the Woottons allegedly are legally obligated to pay because of bodily injury caused by an accident and resulting from the ownership or use of their vehicle. Under these allegations, it is not impossible to discern whether coverage is potentially implicated by Gonzalez, Sr.'s pleading in the Underlying Suit. *See Nokia, Inc.,* 268 S.W.3d at 497–98 (holding that the high court would not apply any exception to the eight-corners rule because the circumstances of the Narrow Exception were absent, given that the pleadings in the underlying cases alleged bodily injury and it was not impossible to discern whether coverage was potentially implicated).[7]

The circumstances of the Narrow Exception are not present in today's case, so this court should not recognize an exception to the eight-corners rule.[8] *See id.*

---

**7.** Allstate relies in part on *Ooida Risk Retention Group, Inc. v. Williams. See* 579 F.3d 469, 472–73 (5th Cir.2009). In that case, the court equated the impossibility of discerning whether coverage is potentially implicated by the pleading in the underlying case with the pleading's failure to allege all the facts necessary to resolve the coverage question. *See id.* at 476. But, whether a pleading potentially implicates coverage is not the same as whether a pleading alleges all facts necessary to determine if the claims pleaded fall within coverage. *See Nokia, Inc.,* 268 S.W.3d at 497–98. This part of the *Ooida* analysis conflicts with the high court's analysis in *Nokia,* so we follow *Nokia. See Nokia, Inc.,* 268 S.W.3d at 497–98; *Ooida Risk Retention Group, Inc.,* 579 F.3d at 476.

**8.** Allstate also cites an opinion of the Thirteenth Court of Appeals and statements from this court's opinion in *Weingarten Realty. See*

Because no exception to the eight-corners rule applies to today's case, courts may not consider the extrinsic evidence Allstate submitted in support of its summary-judgment motion and its reconsideration motion. *See Nokia, Inc.*, 268 S.W.3d at 490–98; *Austin Power, Inc.*, 357 S.W.3d at 823–26. The trial court did not err in granting summary judgment as to Allstate's duty to defend or in denying Allstate's summary-judgment motion or its reconsideration motion. *See Nokia, Inc.*, 268 S.W.3d at 490–98; *Austin Power, Inc.*, 357 S.W.3d at 823–26. Accordingly, we overrule Allstate's first and second issues.

**C. Did the trial court err in granting summary judgment for the insureds on their request for a declaration that they are entitled to independent counsel at the insurer's expense?**

In its third issue, Allstate asserts that, if we hold that Allstate has a duty to defend the Woottons in the Underlying Suit, we should reverse the trial court's declaratory judgment that the Woottons are entitled to counsel of their choice at Allstate's expense because the facts to be adjudicated in the Underlying Suit are not the same as the facts upon which coverage depends.

■■■■■■■■ Absent application of an exception to the general rule, appellate courts may affirm a summary judgment based only on a ground expressly stated in the summary-judgment motion. *See G & H Towing Company v. Magee*, 347 S.W.3d 293, 295 (Tex.2011) (per curiam); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993). Because none of the exceptions apply to today's case, we may affirm the trial court's summary judgment based only on a ground expressly stated in the Woottons' summary-judgment motion.[9] *See Magee*, 347 S.W.3d at 295; *Stiles*, 867 S.W.2d at 26. The only ground the Woottons expressly set out in their motion as a basis for their alleged right to choose independent counsel is that there is a potential conflict of interest because a respondeat-superior theory and the coverage exclusions upon which Allstate relies all depend upon proof that Gonzalez, Jr. was acting within the course and scope of his employment at the time of the accident made the basis of the Underlying Suit.

**1. Potential Conflicts of Interest**

■■■■■ In their summary-judgment motion, the Woottons asserted that a potential conflict of interest is sufficient to give them the right to select counsel to defend them at Allstate's expense. The Policy language imposes on Allstate a duty to defend the Woottons and gives Allstate the

---

*Weingarten Realty Mgmt. Co.*, 343 S.W.3d at 862–65; *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 451–53 (Tex.App.–Corpus Christi 1992, writ denied). The statements from *Weingarten Realty* do not address the high court's analysis in *Nokia*. *See Weingarten Realty Mgmt. Co.*, 343 S.W.3d at 862–65. The *Wade* case does not apply the Narrow Exception and conflicts with the high court's analysis in *Nokia*. *See Nokia, Inc.*, 268 S.W.3d at 497–98; *Wade*, 827 S.W.2d at 451–53.

9. In *Magee*, the Supreme Court of Texas created three exceptions to the rule that appellate courts may affirm a summary judgment based only on a ground expressly stated in the summary-judgment motion. *See G & H Tow-*

*ing Company v. Magee*, 347 S.W.3d 293, 295 (Tex.2011) (per curiam); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993); *Continental Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 173 (Tex.App.–Houston [14th Dist.] 2012, pet. denied). But, these exceptions only apply to cases in which the trial court granted summary judgment on a claim not addressed by any summary-judgment ground. *See Magee*, 347 S.W.3d at 297–98; *Continental Cas. Co.*, 365 S.W.3d at 173. Because the trial court in today's case did not grant summary judgment on a claim unaddressed by any summary-judgment ground, none of these exceptions apply. *See Magee*, 347 S.W.3d at 297–98.

right to conduct the Woottons' defense. *See N. Cnty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex.2004). The right to conduct the defense includes the authority to select the attorney who will defend the claim and the authority to make other decisions that normally would be vested in the insured as the named party in the case. *See id.*

██ Under certain circumstances, however, an insurer may not insist upon its contractual right to control the defense. *See id.* In *Davalos*, the Supreme Court of Texas concluded that an insurer may not insist upon its contractual right to control the defense if the insurer actually is burdened by a conflict of interest.[10] *Id.* at 688–89. An insurer creates a potential conflict of interest when it issues a reservation-of-rights letter. *Id.* at 689. The potential conflict of interest becomes an actual conflict of interest that prevents the insurer from insisting on its contractual right to conduct the defense when "the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends." *Id.*

██ The *Davalos* court noted that "[i]n the typical coverage dispute, an insurer will issue a reservation of rights letter, which creates a potential conflict of interest." *Id.* Although a potential conflict of interest existed in *Davalos* because the insurer issued a reservation-of-rights let-

ter, the *Davalos* court held that there was no conflict of interest that prevented the insurer from insisting upon its right to control the defense. *See id.* at 689–90. *See also Downhole Navigator, L.L.C. v. Nautilus Ins. Co.*, 686 F.3d 325, 329–30 (5th Cir.2012) (rejecting argument that insurer would lose right to control defense due to potential conflict of interest). Thus, contrary to the Woottons' argument, a potential conflict is not sufficient. *See Davalos*, 140 S.W.3d at 689–90. A conflict of interest exists that prevents the insurer from insisting on its contractual right to control the defense when the insurer has reserved its rights and the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends.[11] *Davalos*, 140 S.W.3d at 689. The Woottons are not entitled to independent counsel simply because there is a potential conflict of interest. *See id.*; *Downhole Navigator, L.L.C.*, 686 F.3d at 329–30.

### 2. Grounds Not Raised in the Summary–Judgment Motion

██ On appeal, the Woottons assert that Gonzalez, Sr. pleaded facts sufficient to give fair notice of a negligent-entrustment claim and that adjudication of the negligent-entrustment claim will require adjudicating facts upon which coverage depends. They also claim a conflict of interest exists because Allstate conditioned its

10. In *Rhodes v. Chicago Insurance Company*, the United States Court of Appeals for the Fifth Circuit stated that, under Texas law, when an insurer tenders a defense under a reservation of rights, insureds have the right to refuse the tendered defense and to pursue their own defense, even absent a conflict of interest. 719 F.2d 116, 120–21 (5th Cir. 1983). According to the *Rhodes* court, even if the insureds refuse the tendered defense, the insurer still is liable for the attorney's fees incurred by the insureds' chosen counsel, and the insurer may not insist on conducting the defense. *See id.* In light of the subsequent

*Davalos* opinion from the Supreme Court of Texas, this part of *Rhodes* does not accurately describe Texas law as to insurance policies that give the insurer the right to conduct the defense. *See id.*; *Davalos*, 140 S.W.3d at 688–89.

11. As the *Davalos* court discussed, such a conflict of interest may exist in other situations, but those situations were not raised by the Woottons in a summary-judgment ground, so we need not address them in today's case. *See Davalos*, 140 S.W.3d at 689.

defense of the Woottons upon an unreasonable extra-contractual demand that the Woottons agree to the attorney chosen by Allstate, thus allegedly subjecting them to waiver of their right to invoke the rule allowing them to obtain independent counsel. Because the Woottons did not assert either of these arguments as grounds for summary judgment in their motion, we cannot affirm the trial court's summary judgment on either of these grounds.[12] *See Stiles*, 867 S.W.2d at 26.

### 3. Respondeat–Superior Theory

In their motion, the Woottons asserted a conflict of interest based on Gonzalez, Sr.'s purported allegation of facts supporting the respondeat-superior theory of vicarious liability. In their motion, the Woottons asserted that this theory requires proof that Gonzalez, Jr. was acting within the course and scope of his employment at the time of the accident made the basis of the Underlying Suit, which the Woottons claimed is also the basis for Allstate's coverage exclusions. Even under a liberal construction of Gonzalez, Sr.'s live pleading, Gonzalez, Sr. did not allege a respondeat-superior theory or facts that would trigger application of this theory. *See Moneyhon v. Moneyhon*, 278 S.W.3d 874, 878–79 (Tex.App.–Houston [14th Dist.] 2009, no pet.). Whether Gonzalez, Jr. was acting within the course and scope of his employment at the time of the accident made the basis of the Underlying Suit is not a fact to be adjudicated in the Underlying Suit.[13] *See Davalos*, 140 S.W.3d at 689; *Downhole Navigator, L.L.C.*, 686 F.3d at 329–30. Therefore, the Woottons were not entitled to summary judgment based on Gonzalez, Sr.'s pur-ported allegation of facts supporting the respondeat-superior theory. *See Moneyhon*, 278 S.W.3d at 878–79. Because the sole ground the Woottons asserted as a basis for their alleged right to choose independent counsel does not entitle them to summary judgment, the trial court erred in declaring as a matter of law that the Woottons have the right to select the attorney to defend them in the Underlying Suit and to have Allstate pay that attorney's reasonable and necessary attorney's fees and expenses. *See Stiles*, 867 S.W.2d at 26; *Davalos*, 140 S.W.3d at 688–89; *Downhole Navigator, L.L.C.*, 686 F.3d at 329–30. Accordingly, the trial court erred in granting summary judgment in this regard, and we sustain Allstate's third issue.

### III. CONCLUSION

No possible exception to the eight-corners rule would allow consideration of the extrinsic evidence Allstate submitted in support of its motion for summary judgment and its motion for reconsideration. The trial court did not err in granting summary judgment as to Allstate's duty to defend or in denying Allstate's summary-judgment motion and its reconsideration motion. The Woottons did not prove as a matter of law that they have the right to select the attorney to defend them in the Underlying Suit and to have Allstate pay that attorney's reasonable and necessary fees and expenses. Accordingly, we reverse the trial court's judgment as to the Woottons' alleged right to select the attorney to defend them in the Underlying Suit and to have Allstate pay that attorney's fees and expenses, and we remand for

---

12. We do not address the merits of these arguments in this opinion.

13. Whether Gonzalez, Sr. was acting within the course and scope of his employment at the time of the accident made the basis of the Underlying Suit also is not a fact to be adjudicated in the Underlying Suit.

further proceedings in the trial court.[14]

On appeal, we have concluded that the trial court erred in rendering part of the declaratory relief contained in its judgment. Because our disposition on appeal substantially affects the trial court's judgment, reversal of the trial court's attorney's-fees awards against Allstate is warranted so that on remand the trial court can address what costs and attorney's fees, if any, should be awarded against Allstate under the Declaratory Judgments Act in light of the relief granted in the trial court's judgment. *See Barshop v. Medina,* 925 S.W.2d 618, 637–38 (Tex. 1996); *Chase Home Fin., L.L.C. v. Cal West. Reconveyance Corp.,* 309 S.W.3d 619, 634 (Tex.App.–Houston [14th Dist.] 2010, no pet.). Accordingly, we also reverse all of the attorney's fees awards. We affirm the remainder of the trial court's judgment.

14. Allstate did not move for summary judgment as to the Woottons' claim in this regard and therefore Allstate may not obtain rendition of judgment. *See Marzo Club, LLC v.* *Columbia Lakes Homeowners Ass'n,* 325 S.W.3d 791, 799–801 (Tex.App.–Houston [14th Dist.] 2010, no pet.).