**Affirmed and Majority and Dissenting Opinions filed March 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00520-CV

---

**FORT BEND COUNTY, Appellant**

**V.**

**MELISSA ANN NORSWORTHY, Appellee**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 14-DCV-213052B**

---

## DISSENTING OPINION

The Supreme Court of Texas has considered the right of a workers' compensation carrier to treat a third-party recovery as an advance against future benefits in a case involving multiple beneficiaries of the same covered employee. In binding judicial dicta, the high court has pronounced that the determination should be made on a collective-recovery basis. Applying that rule to today's case means that the trial court erred in granting summary judgment and ordering the carrier to pay workers' compensation benefits to the deceased employee's widow.

An employee who suffers a compensable injury under the Texas Workers' Compensation Act may seek damages from a liable third party in addition to pursuing a claim for compensation benefits.[1] When an employee or beneficiary claims benefits, "the insurance carrier is subrogated to the rights of the injured employee [up to the total benefits paid or assumed] and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary."[2] The carrier is entitled to reimbursement from the third-party recovery under the following scheme:

(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

(b) Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under this subtitle.

(c) If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits. If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.[3]

In *State Office of Risk Management v. Carty*, the Supreme Court of Texas concluded that the statutorily undefined term "claimant," as used in Labor Code section 417.002, refers to the covered employee or the beneficiaries recovering workers' compensation benefits through that employee.[4] Thus, under the *Carty*

---

[1] Tex. Lab. Code Ann. § 417.001(a)(West, Westlaw through 2017 R.S.).

[2] *Id*. § 417.001(b)(West, Westlaw through 2017 R.S.).

[3] Tex. Lab. Code Ann. § 417.002 (West, Westlaw through 2017 R.S.).

[4] *See* 436 S.W.3d 298, 304, 305 (Tex. 2014).

court's construction of the statute, Labor Code section 417.002(b) provides that any amount recovered by the employee or the employee's beneficiaries in a third-party action that exceeds the amount of the reimbursement required under section 417.002(a) must be treated as an advance against future workers' compensation benefits that the employee or the employee's beneficiaries are entitled to receive.[5]

The *Carty* court stated that, until a workers' compensation carrier is reimbursed in full, the employee or the employee's representatives have no right to any of the third-party recovery.[6] The *Carty* court concluded that the net amount recovered by the "claimant" referenced in Labor Code section 417.002(a), from which the workers' compensation carrier must be reimbursed for benefits already paid, is the collective third-party recovery by the employee or the employee's beneficiaries.[7] The *Carty* court reasoned that, because a beneficiary's right to death benefits and a carrier's right to reimbursement both flow through the covered employee, it makes sense to calculate the reimbursement right in relation to the total third-party recovery by a particular employee or the employee's legal beneficiaries.[8] According to the *Carty* court, because the law undisputedly treats past benefits collectively under section 417.002(a), future benefits should be treated the same way under section 417.002(b).[9]

The *Carty* court agreed that even if multiple beneficiaries recover in a third-party settlement, courts should treat the settlement as a single recovery when enforcing the compensation carrier's right to treat the recovery as an advance

---

[5] Tex. Lab. Code Ann. § 417.002; *Carty*, 436 S.W.3d at 302–04.

[6] *See Carty*, 436 S.W.3d at 303.

[7] *See id.*

[8] *See id.* at 304.

[9] *See id.*

against future benefits.[10] The *Carty* court concluded that "[c]onsistent with the text and purpose of the reimbursement scheme under the Texas Workers' Compensation Act, a workers' compensation carrier's right under section 417.002 to treat a third-party recovery as an advance of future benefits in a case involving multiple beneficiaries of the same covered employee should be determined on a collective-recovery basis."[11] After acknowledging that the collective-recovery rule might produce results that some might find inequitable, the *Carty* court stated that "[a]ddressing the potential inequities that subsection 417.002(b) can generate is a policy decision for the Legislature, not the courts."[12]

Appellant Fort Bend County, the workers' compensation carrier in today's case, asserts that the *Carty* court's construction of section 417.002 as mandating a collective-recovery rule applies to this case. The majority concludes that the *Carty* court's construction of section 417.002 does not apply because one of the beneficiaries in today's case, appellee Melissa Ann Norsworthy, did not recover any amount against a third party in her individual capacity.[13] Melissa[14] did not recover against any third party in her individual capacity, and the facts of today's case are not the same as the facts in the *Carty* case.[15] Thus, today's case does not fall within the *Carty* court's holding.[16] Nonetheless, under the doctrine of judicial dictum, the Supreme Court of Texas's construction of a statute may be binding on

---

[10] *See id.* at 302–03.

[11] *See id.* at 307.

[12] *Id.* at 306.

[13] *See ante* at 11.

[14] Because this case involves several people with the same last name, individuals in the family are referred to by their first names.

[15] *See Carty*, 436 S.W.3d at 300–01.

[16] *See id.* at 302–06.

this court even in cases in which the facts do not fall within the scope of the high court's holding.[17] The *Carty* court made deliberate statements for future guidance in the conduct of litigation.[18] These statements are judicial dicta that bind this court.[19]

Because Melissa receives workers' compensation benefits through the covered employee (her deceased husband, Deputy Sheriff John Norsworthy), under the *Carty* judicial dicta Melissa falls within the definition of "claimant."[20] Under these statements, Melissa, Katlyn, and Jacob all fall within the meaning of "claimant" so that a recovery by Katlyn means that the "claimant" has recovered against a third party, entitling Fort Bend County to an advance under section 417.002(b) against the future benefits of Melissa, Katlyn, and Jacob.[21] The *Carty* court spoke in broad terms as to section 417.002's meaning, and the high court did not state that it was limiting this construction to the fact pattern in *Carty* or to a particular factual situation.[22]

Under *Carty*, if there are two beneficiaries entitled to future benefits, and one secures a net recovery of $1,000,000 against a third party while the other secures a net recovery of $1,000 against the third party, without any deduction based on the workers' compensation lien, then neither beneficiary gets any future workers' compensation benefits until the aggregate of the past benefits paid to each beneficiary and the amount of future benefits not paid to each beneficiary under

---

[17] *See Allstate Cnty. Mut. Ins. Co. v. Wootton*, 494 S.W.3d 825, 834 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

[18] *See id.*

[19] *See id.*

[20] *See Carty*, 436 S.W.3d at 302–06.

[21] *See id.* In this dissenting opinion, it is not necessary to address the effect of Jacob's settlement with Fort Bend County.

[22] *See Carty*, 436 S.W.3d at 302–06.

section 417.002(b) equals $1,001,000.[23] The *Carty* court's analysis and pronouncements on the meaning of section 417.002 do not provide any basis for concluding that the result should be different if the second beneficiary has a net recovery of zero rather than a net recovery of $1,000.[24] Though some might view this result as unfair, the high court has instructed that the remedy lies in the legislative branch of Texas government rather than in the judicial branch.[25]

Under the *Carty*'s court's construction of section 417.002(b) as implementing a collective-recovery rule, the trial court erred in granting summary judgment, ordering Fort Bend County to pay Melissa workers' compensation benefits, and failing to give Fort Bend County any advance under section 417.002(b) against Melissa's future benefits. Because the majority reaches the opposite conclusion, I respectfully dissent.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant. (Poissant, J., majority).

---

[23] *See id.*

[24] *See id.*

[25] *See id.* at 306.