**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00385-CV

———————————

**TEXAS WINDSTORM INSURANCE ASSOCIATION, Appellant**

**V.**

**RANDY JONES, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 84166-CV**

---

## O P I N I O N

This permissive interlocutory appeal concerns recently enacted provisions of

Chapter 2210 of the Texas Insurance Code, known as the Texas Windstorm

Insurance Association Act ("TWIAA"). *See* TEX. INS. CODE ANN. §§ 2210.001–.705

(West 2015). Appellee Randy Jones filed a first-party insurance claim against

appellant Texas Windstorm Insurance Association ("TWIA" or "the association"), alleging breach of contract and violations of Insurance Code sections 2210.575 and 2210.576. TWIA filed a plea to the jurisdiction and alternative motion for summary judgment seeking dismissal of Jones's claims. On appeal, TWIA challenges the trial court's amended order denying its plea and alternative motion. We reverse the trial court's amended order denying the plea and alternative motion and render judgment dismissing Jones's claims.

## Background

### A. Factual History

Randy and Debra Jones are the named insureds under an insurance policy TWIA issued on June 12, 2014, covering the property located at 62 Aloe Vera Ct., Lake Jackson, Brazoria County, Texas. The policy, with an effective period from June 12, 2014 to June 12, 2015, provided coverage against direct loss to the property resulting from windstorm and hail.

On August 9, 2015, TWIA received a claim from the Joneses with a stated date of loss of April 17, 2015.[1] On August 10, 2015, TWIA assigned the Joneses' claim to Ideal Adjusting, an independent adjusting company, and an inspection was conducted the same day.

---

[1] On April 17, 2015, the Lake Jackson area was hit by a storm, and high winds and hail were reported in the area.

2

During inspection of the property, the independent adjuster performed test squares on all directional slopes of the Joneses' roof. The inspection identified six hail-damaged shingles in the front, one hail-damaged shingle on the rear slope, and one hail-damaged shingle on the right slope of the roof. After determining that a full roof replacement was not warranted, the adjuster valued the loss at $3,660.31.

On August 13, 2015, TWIA sent a Notice of Claim Acceptance to the Joneses that stated, in pertinent part:

## NOTICE OF CLAIM ACCEPTANCE

---

You are receiving this notice because of a claim you filed with the Texas Windstorm Insurance Association (TWIA). After a reasonable evaluation of your claim TWIA **accepts** coverage for the claim.

---

Your policy covers "direct physical loss to the covered property caused by windstorm or hail unless the loss is excluded in the Exclusions." Texas Windstorm Insurance Association inspected the property on August 10, 2015 and documented the damages to the property as detailed in the attached report. Based on this evaluation, TWIA has determined the damages covered by your policy and the value of your loss, if any. TWIA's coverage and payment determinations are summarized below:

❏ TWIA accepts the following portion(s) of your claim:

All damages detailed on the enclosed estimate.

Here is a recap of our loss adjustment:

Full Cost of Repairs or Replacement $3,660.31
Deductible . . . . . . . . . . . . . . . . . . . . . $2,920.00

3

Replacement Cost Value Payment . . $740.31

. . . .

Please note that there are specific procedures that you are required to follow in order to dispute the amount TWIA will pay for covered damage. These procedures are outlined below, followed by the answers to some frequently asked questions as well as forms you can use to begin the dispute resolution process.

The information sheet attached to the Notice stated, in relevant part:

**<u>IF YOU DISAGREE WITH THE AMOUNT OF PAYMENT ON YOUR ACCEPTED CLAIM</u>**

. . . .

3.     If you dispute the amount of loss we will pay for the claim, you may request that this amount be determined through the appraisal process. **<u>All disputes concerning the amount of payment for an accepted claim under your insurance policy must be resolved through the appraisal process.</u>**

4.     **<u>Please be aware that if you do not request appraisal within the time periods below, you waive your right to contest TWIA's determination on the amount of payment.</u>**

5.     You must request appraisal not later than the 60th day after you receive this notice.

(Emphasis in original.) The Notice also included a "Form to Request Appraisal by Claimant(s)" stating, in relevant part:

1. I/We have received TWIA's NOTICE OF CLAIM ACCEPTANCE IN PART AND DENIAL IN PART.

2. I/We disagree with the amount of payment for the accepted part of the claim.

4

3. I/We request from TWIA a detailed summary of the manner in which TWIA determined the payment owed for the accepted loss.

4. I/We request appraisal to determine the payment owed for the accepted option of the claim.

It is undisputed that Jones did not request an appraisal.

## B. Procedural History

On November 22, 2015, Jones's counsel notified TWIA of Jones's intent to file suit against TWIA for denial of his insurance claim. On November 23, 2015, Jones filed his original petition alleging breach of contract and violations of Insurance Code sections 2210.575 and 2210.576. On December 21, 2015, TWIA filed its answer.

On January 14, 2016, TWIA filed its plea to the jurisdiction and alternative motion for summary judgment arguing that (1) Jones could not maintain his common-law breach of contract claim because his remedies were limited to those allowed under Chapter 2210 and (2) the trial court lacked jurisdiction over his claim alleging violations of Insurance Code sections 2210.575 and 2210.576 because those sections apply only where there has been a denial of coverage, and TWIA accepted coverage for Jones's insurance claim in full. On February 17, 2016, Jones filed his response asserting that TWIA had accepted only a "portion" of his claim and denied coverage for the remainder of his claim.[2] Jones attached to his response the unsworn

---

[2]  In his response, Jones nonsuited his breach of contract claim without prejudice.

5

declaration and damage estimate of Robert Kitto. Kitto's estimate, dated September 14, 2015, called for a complete roof replacement at a total cost of $14,584.11. On February 22, 2016, TWIA filed its reply in which, among other things, it objected to Kitto's estimate and declaration as irrelevant and improper.

Following a hearing, the trial court entered an order denying TWIA's plea to the jurisdiction and alternative motion for summary judgment. On April 28, 2016, upon the parties' request, the trial court entered an amended order denying TWIA's plea and alternative motion and permitting the interlocutory appeal of its order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015). On June 2, 2016, this Court granted TWIA's petition for permissive appeal. *See id*. § 51.014(f).

## Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A plea to the jurisdiction can be used to challenge whether the plaintiff has met his burden of alleging jurisdictional facts, but it can also raise a challenge to the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

6

Pleadings are construed liberally in favor of the pleader, and all factual allegations are accepted as true. *See id.* at 228.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228. The defendant is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Garcia*, 372 S.W.3d at 635. An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

## Insurance Code Chapter 2210

TWIA contends that the trial court erred in denying its plea to the jurisdiction because no "denial of coverage" exists to provide Jones with the legal right to bring his lawsuit under Chapter 2210. Jones argues that the evidence raises a fact issue as

to whether TWIA partially denied his claim. Because TWIA is challenging the existence of jurisdictional facts, we review TWIA's plea under a summary judgment standard of review.

## A. Applicable Law

TWIA's primary purpose is to provide "an adequate market for windstorm and hail insurance in the seacoast territory of this state." TEX. INS. CODE ANN. § 2210.001 (West Supp. 2016). "The association is intended to serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." *Id.* Section 2210.001 states that TWIA shall "(1) function in such a manner as to not be a direct competitor in the private market; and (2) provide windstorm and hail insurance coverage to those who are unable to obtain that coverage in the private market." *Id.*

In 2011, the Texas Legislature passed House Bill No. 3 ("H.B. 3"), which made significant changes to Chapter 2210, including the addition of restrictions on policyholders' remedies and specific procedural requirements. *See* Texas Windstorm Insurance Association Act, 82nd Leg., 1st C.S., ch. 2, § 41, 2011 Tex. Gen. Laws 5180, 5192–98 (current version at Tex. Ins. Code § 2210.572(a)). Subchapter L-1 of Chapter 2210 provides the exclusive remedies for a claim against TWIA. *See* TEX. INS. CODE ANN. § 2210.572(a). A "claim" means a policyholder's request for payment under an association policy and any other claim against the

8

association relating to an insured loss. TEX. INS. CODE ANN. § 2210.571(2) (West Supp. 2016). The revisions, effective September 28, 2011, apply to TWIA policies delivered, issued for delivery, or renewed by TWIA on or after November 27, 2011. *See* Texas Windstorm Insurance Association Act, § 62, 2011 Tex. Gen. Laws at 5205–06. Because Jones's policy covering the April 17, 2015 date of loss was issued on June 12, 2014, the remedies set forth in Chapter 2210 (as amended by H.B. 3) apply.

Section 2210.573(d) provides that within sixty days of receiving a claim, TWIA must provide the claimant written notification that it has (1) accepted coverage for the claim in full; (2) has accepted coverage for the claim in part and has denied coverage for the claim in part; or (3) denied coverage for the claim in full. TEX. INS. CODE ANN. § 2210.573(d). If the association accepts coverage for the claim in full, it must inform the claimant of the amount of loss it will pay and of the time limit to request appraisal under section 2210.574. *Id*. § (e). If the association accepts coverage in part and denies coverage in part, it must inform the claimant of (1) the portion of the loss for which it accepts coverage and the amount of loss the association will pay; (2) the portion of the loss for which the association denies coverage and a detailed summary of the manner in which the association determined not to accept coverage for that portion of the claim; and (3) the time limit to (A) request appraisal under section 2210.574 of the portion of the loss for which

the association accepts coverage and (B) provide notice of intent to bring an action as required by Section 2210.575. *See id*. § (f). Additionally, the association must provide a claimant with a form on which the claimant may provide the association notice of intent to bring an action as required by Section 2210.575. *See id.* § (g).

Section 2210.574 provides that "[i]f a claimant disputes the amount of loss the association will pay for a claim or a portion of a claim, the claimant, not later than the 60th day after the date the claimant receives the notice described by Section 2210.573(d)(1) or (2), may demand appraisal in accordance with the terms of the association policy." *Id*. § 2210.574(b). A claimant who does not demand appraisal before the expiration of the prescribed period waives the claimant's right to contest the association's determination of the amount of loss the association will pay with reference to a fully accepted claim or the accepted portion of a partially accepted claim. *Id.* § (f). Subsection (h) states that "a claimant may not bring an action against the association with reference to a claim for which the association has accepted coverage in full." *Id*. § (h).

## B. Analysis

The issue before us is whether TWIA accepted coverage for Jones's claim in full, in which case appraisal was his exclusive remedy for disputing the accepted coverage, or whether TWIA accepted coverage for only a portion of his claim, in

which case Jones was entitled to bring suit against TWIA with regard to its partial denial of his claim.

Jones asserts that that TWIA partially denied coverage because it did not offer to pay the total amount of the loss he believed he had suffered. In other words, the partial payment of his claim was a partial denial of his coverage. This assertion conflates two concepts that have distinctly different meanings. A "claim," as defined by the statute, is a request for payment. *Id.* § 2210.571(2). "Coverage" is the term used to describe whether or not the given policy will pay for that loss, or whether or not the claim fits within the scope of coverage. These distinctions are consistent across coverage questions of every sort of insurance policy. "In an insurance coverage dispute, the insured has the initial burden of establishing that its claim comes within the scope of coverage provided by the policy." *KLN Steel Prods. Co., Ltd v. CNA Ins. Cos.*, 278 S.W. 3d 429, 434 (Tex. App.—San Antonio 2008, pet. denied) (citing *Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W. 3d 729, 733 (Tex. App.—Fort Worth 2003, pet. denied)). Coverage questions frequently arise in litigation where attention is focused on the underlying pleadings to determine if the claims brought in the litigation fit within the scope of coverage of the insurance policy. "If the pleadings do not contain factual allegations sufficient to bring the case clearly within or without the coverage terms, the general rule is that the insurer is obligated to defend if there is any potential claim under the pleadings that falls

11

with the coverage of the policy." *GEICO Gen. Ins. Co. v. Austin Power, Inc.*, 357 S.W.3d 821, 824 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Similarly, "[i]f a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W. 3d 842, 848 (Tex. 1994). The Insurance Code also makes clear the distinction between the terms. Section 21.203 which deals with unfair claim settlement practices makes "failing to affirm or deny coverage of a claim . . . within a reasonable time" an unfair settlement practice. TEX. INS. CODE ANN. § 21.203(10) (West 2015).

The law of this state makes a clear distinction between claim and coverage. A claim is a statement of loss, damage, or injury. Coverage is whether or not that claim fits within the scope of the protection offered by the insurance policy in question. Under the statutory scheme in the case a bar, TWIA accepts or denies coverage of the claim and then proceeds to evaluate the amount it will pay to compensate the claimant for the claim. The acceptance or denial of "coverage" is the triggering event which determines the path the claimant can follow. If coverage for the claim is accepted, the claimant can dispute the amount offered through appraisal. If the claim is rejected, the claimant can proceed with his legal remedies.

In support of its contention that it accepted coverage for Jones's claim in full, TWIA points to its Notice of Claim Acceptance and attached information sheet. The

12

Notice stated, in part, "You are receiving this notice because of a claim you filed with the Texas Windstorm Insurance Association (TWIA). After a reasonable evaluation of your claim TWIA **accepts** coverage for the claim." (Emphasis in original). The information sheet outlines the steps a claimant should take in the event he disagrees with the amount of payment on his accepted claim, namely, requesting appraisal. TWIA asserts that this evidence establishes that TWIA accepted Jones's insurance claim.

Jones, however, argues that the evidence raises a fact issue with regard to whether TWIA partially denied coverage of his claim. In support of his argument, Jones points to the language in the Notice, stating, "TWIA's coverage and payment determinations are summarized below" and "TWIA accepts the following portion(s) of your claim: All damages detailed on the enclosed estimate." Jones argues that if TWIA had, in fact, accepted the claim in full, there would have been no reason for it to specify that it was accepting a "portion" of the claim or to identify that "portion." Jones also relies on the document attached to the Notice, entitled "Form to Request Appraisal by Claimant(s)," which states in part, "I/We have received TWIA's NOTICE OF CLAIM ACCEPTANCE IN PART AND DENIAL IN PART."

The record reflects that Jones's insurance claim was for property damage resulting from wind and hail. During inspection of the property, TWIA's independent adjuster concluded that a full roof replacement was not warranted, and

13

valued the loss at $3,660.31. In its Notice of Claim Acceptance, TWIA stated that it "accepts coverage for the claim." The Notice further states that TWIA accepts "[a]ll damages detailed on the enclosed estimate." This evidence shows that TWIA accepted coverage in full for Jones's claim for damage to his roof. Jones, however much he disagreed with the amount allocated to satisfy his claim, presented no evidence showing that TWIA denied any portion of that claim.

Moreover, we note that the Notice of Acceptance and accompanying documentation fulfilled TWIA's statutory duties with respect to acceptance of a claim in full. Under section 2210.573, if TWIA accepts coverage for a claim in full, it must inform the claimant of the amount of loss it will pay and the time limit to request appraisal under Section 2210.574. TEX. INS CODE § 2210.573(e). If, however, TWIA accepts coverage in part *and* denies coverage in part, TWIA must inform the claimant of the portion for which it accepts coverage and the amount it will pay *and* the portion of the loss for which it denies coverage as well as provide a detailed summary of the manner in which it determined not to accept coverage for that portion of the claim. *Id*. § (f). In this case, TWIA's Notice of Acceptance informed Jones of the amount of loss it would pay for his claim and the need to request an appraisal within sixty days of receipt of the notice to avoid waiving his right to contest TWIA's determination of the amount of payment. The Notice makes no mention of a partial denial of coverage, and does not provide the required

14

summary for a partial denial.  Further, if TWIA had partially denied Jones's claim, TWIA would have been required to provide Jones with a form on which he could inform TWIA of his intent to bring suit against TWIA.  *See id.* § (g).  No such form was attached to the Notice.

Because TWIA accepted coverage for his claim in full, Jones's only remedy was to request appraisal within sixty days of receiving the notice.  *See id.* § 2210.574(b), (h).  Having failed to do so, Jones waived his right to contest TWIA's determination of the amount of loss.  *Id.* § 2210.574(f).

### Judicial Admission and Judicial Estoppel

Jones argues that even if this Court finds that no fact issue exists with regard to whether TWIA denied a portion of his claim, the trial court's denial of TWIA's plea should be affirmed for another reason. He asserts that TWIA's position in this case is inconsistent with its position in *Texas Windstorm Insurance Association v. Fried*[3] and, thus, TWIA is precluded from maintaining its position under the doctrines of judicial admission and judicial estoppel.

In support of his argument, Jones has included approximately 180 pages of documents from the *Fried* case in the appendix to his appellate brief, and asks that this Court take judicial notice of the pleadings.  "The attachment of documents as

---

[3]     Cause No. 85693-CV; in the District Court of Brazoria County; 148th District Court.

exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be considered." *Till v. Thomas*, 10 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Evidence that is not contained in the appellate record is not properly before this Court. *See* TEX. R. APP. P. 34.1. Further, an appellate court may not take judicial notice of records unless they are provided as part of the appellate record. *See Brown v. Brown*, 236 S.W.3d 343, 349 (Tex. App.—Houston [1st Dist.] 2007, no pet.).[4] Judicial notice in this case is not proper, and we may not consider Jones's arguments based on the *Fried* suit. We also note that Jones's argument that the doctrines of judicial admission and judicial estoppel bar TWIA from maintaining its position in this suit was never presented to the trial court. *See* TEX. R. APP. P. 33.1 (requiring that party raise argument with trial court to preserve argument for appellate review). Finally, the trial court's amended order permitting interlocutory appeal of its order denying the plea and alternative motion states that "[t]he controlling issue of law in this case is whether any portion of Jones's claim was 'denied' in part or in full such that he may maintain a suit under Section 2210.575-.576." The scope of the permissive appeal is thus

---

[4] Courts may take judicial notice of certain matters at any time, even on appeal. *See City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). As a general rule, however, appellate courts do so "only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law (*e.g.*, calculation of prejudgment interest when the court renders judgment)." *Id.* at 162–63.

limited to consideration of this controlling issue. *See CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex. 2011) (noting appellate courts strictly construe statutes authorizing interlocutory appeals because they are narrow exception to general rule that interlocutory orders are not immediately appealable). Having determined that jurisdiction does not exist because there is no denial of coverage upon which Jones may bring suit, we do not consider Jones's argument. Because the trial court erred in denying TWIA's plea to the jurisdiction, we sustain TWIA's issue.

## Conclusion

We reverse the trial court's amended order denying TWIA's plea to the jurisdiction and alternative motion for summary judgment and render judgment dismissing Jones's claims.


Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.