

# NUMBER 13-18-00634-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

TEXAS WINDSTORM INSURANCE ASSOCIATION,                 Appellant,

v.

JOSEPH PARK,                                                                      Appellee.

---

### On appeal from the 156th District Court
### of Aransas County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

This permissive interlocutory appeal concerns a first-party insurance suit filed by

appellee Joseph Park against appellant Texas Windstorm Insurance Association (TWIA).

TWIA filed a plea to the jurisdiction, or in the alternative, motion for summary judgment,

which the trial court denied.  It contends by two issues that the trial court erred.  We affirm

in part and reverse and render in part.

## I. BACKGROUND

Park's two-story house in Rockport was severely damaged by Hurricane Harvey in 2017. Park filed a claim with TWIA, with whom he had an active insurance policy covering windstorm and hail damage, on August 26, 2017. According to Park, an independent adjuster retained by TWIA inspected the house, determined that it was a "total loss," and recommended that TWIA pay Park "the amount allowed under [the] terms of the policy," which was approximately $330,000. However, Park alleges that TWIA refused to accept the recommendation and instead assigned the claim to another adjuster, who determined from examining photos that the property was in fact repairable. TWIA then hired a consultant who estimated that the repairs would cost $174,895.36 in actual cash value, not including additional living expenses (ALE). Accordingly, while continuing to assert that it had accepted coverage of Park's claim "in full," TWIA paid $174,895.36 to Park under the policy.

On December 13, 2017, Park filed suit alleging that TWIA breached the policy by "failing to accept coverage in full, deny coverage in full, or accept coverage in part, and deny coverage in part, within 60 days from the date the claim was made" and by failing to give him notice of such. Park also alleged that TWIA violated the insurance code by "mishandling" his claim. See TEX. INS. CODE ANN. § 2210.576(d) (West, Westlaw through 2017 1st C.S.). Specifically, he asserted that TWIA: (1) failed to comply with statutory deadlines, including the deadline under insurance code § 2210.5731 for payment of an accepted claim; (2) "disregard[ed]" guidelines published by the Texas Commissioner of Insurance; (3) failed to provide notice as required by § 221.573(d); (4) rejected his claim without conducting a reasonable investigation; and (5) denied the claim even though its

2

liability had become reasonably clear as a result of its investigation.   *See id.* § 2210.576(d)(1)–(5).

TWIA filed a plea to the jurisdiction, or in the alternative, motion for summary judgment, arguing that Park's claim is barred because, even though TWIA accepted coverage for his claim in full, Park did not seek appraisal prior to filing suit.   *See id.* § 2210.574(f) (West, Westlaw through 2017 1st C.S.).   In response, Park argued that there was a fact issue as to whether TWIA fully accepted, fully denied, or accepted in part and denied in part coverage for his claim.  He further argued that TWIA's plea and motion should be denied due to the doctrines of judicial admission and judicial estoppel.

The trial court denied the plea to the jurisdiction and motion for summary judgment and granted TWIA permission to file an interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West, Westlaw through 2017 1st C.S.).  We accepted the appeal. *See id.* § 51.014(f); *see also* TEX. R. APP. P. 28.3.

## II. DISCUSSION

TWIA argues by two issues that the trial court erred by (1) denying its plea to the jurisdiction and (2) denying its motion for summary judgment.

### A.   Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   The plea challenges the trial court's subject matter jurisdiction.  *Id.*  The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings.  *See Tex.*

3

*Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Id.* at 226. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

The denial of summary judgment is also reviewed de novo. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A fact issue exists if there is more than a scintilla of probative evidence to support each element of the plaintiff's claim. *Neely*, 418 S.W.3d at 59. We review the summary judgment evidence in the light most favorable to the non-movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

A defendant who conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* TEX. R. CIV. P. 166a(b). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816.

B.    **Applicable Law**

TWIA is the "insurer of last resort for windstorm and hail insurance in the seacoast territory" of Texas and is governed by chapter 2210 of the Texas Insurance Code. TEX.

4

INS. CODE ANN. § 2210.001 (West, Westlaw through 2017 1st C.S.). Under that chapter, an insured must file a claim under a TWIA policy within one year from the date the damage occurs. *Id.* § 2210.573(a) (West, Westlaw through 2017 1st C.S.). Generally, within sixty days of receiving a claim, TWIA must notify the claimant that it has either: (1) accepted coverage for the claim in full; (2) accepted coverage for the claim in part and denied it in part; or (3) denied coverage for the claim in full. *Id.* § 2210.573(d). If TWIA accepts coverage in full, it must notify the claimant of "the amount of loss [TWIA] will pay" and the time limit to request an appraisal, and it must then pay the claim within ten days of the notice. *Id.* §§ 2210.573(e), 2210.5731(a) (West, Westlaw through 2017 1st C.S.).

Section 2210.574, entitled "Disputes Concerning Amount of Accepted Coverage," provides in relevant part:

(a) If [TWIA] accepts coverage for a claim in full and a claimant disputes only the amount of loss [TWIA] will pay for the claim, or if [TWIA] accepts coverage for a claim in part and a claimant disputes the amount of loss [TWIA] will pay for the accepted portion of the claim, the claimant may request from [TWIA] a detailed summary of the manner in which [TWIA] determined the amount of loss [TWIA] will pay.

(b) If a claimant disputes the amount of loss [TWIA] will pay for a claim or a portion of a claim, the claimant, not later than the 60th day after the date the claimant receives the notice described by Section 2210.573(d)(1) or (2), may demand appraisal in accordance with the terms of [TWIA] policy.

(c) If a claimant, on a showing of good cause and not later than the 15th day after the expiration of the 60-day period described by Subsection (b), requests in writing that the 60-day period be extended, [TWIA] may grant an additional 30-day period in which the claimant may demand appraisal.

. . . .

(f) Except as provided by Subsection (g), the appraisal decision is binding on the claimant and [TWIA] as to the amount of loss [TWIA] will pay for a fully accepted claim or the accepted portion of a partially accepted claim and is not appealable or otherwise reviewable. A

5

claimant that does not demand appraisal before the expiration of the periods described by Subsections (b) and (c) waives the claimant's right to contest [TWIA]'s determination of the amount of loss [TWIA] will pay with reference to a fully accepted claim or the accepted portion of a partially accepted claim.

(g)     A claimant or [TWIA] may, not later than the second anniversary of the date of an appraisal decision, file an action in a district court in the county in which the loss that is the subject of the appraisal occurred to vacate the appraisal decision and begin a new appraisal process if:

    (1)     the appraisal decision was obtained by corruption, fraud, or other undue means;

    (2)     the rights of the claimant or [TWIA] were prejudiced by:

        (A)     evident partiality by an appraisal umpire;

        (B)     corruption in an appraiser or appraisal umpire; or

        (C)     misconduct or wilful misbehavior of an appraiser or appraisal umpire; or

    (3)     an appraiser or appraisal umpire:

        (A)     exceeded the appraiser's or appraisal umpire's powers;

        (B)     refused to postpone the appraisal after a showing of sufficient cause for the postponement;

        (C)     refused to consider evidence material to the claim; or

        (D)     conducted the appraisal in a manner that substantially prejudiced the rights of the claimant or [TWIA].

(h)     Except as provided by Subsection (g), a claimant may not bring an action against [TWIA] with reference to a claim for which [TWIA] has accepted coverage in full.

*Id.* § 2210.574 (West, Westlaw through 2017 1st C.S.).

Section 2210.575, entitled "Disputes Concerning Denied Coverage," states that

"[i]f [TWIA] denies coverage for a claim in part or in full and the claimant disputes that

determination, the claimant . . . must provide [TWIA] with notice that the claimant intends

6

to bring an action against [TWIA] concerning the partial or full denial of the claim." *Id.* § 2210.575(a) (West, Westlaw through 2017 1st C.S.). TWIA may then require the claimant to submit to alternative dispute resolution, and if that is unsuccessful, "the claimant may bring an action against [TWIA] in a district court in the county in which the loss that is the subject of the coverage denial occurred." *Id.* § 2210.575(b), (e). In such an action, the only issues a claimant may raise are: (1) whether TWIA's denial of coverage was proper; and (2) the amount of damages to which the claimant is entitled. *Id.* § 2210.576(a) (West, Westlaw through 2017 1st C.S.).

## C. Summary Judgment Evidence

TWIA argues that it accepted coverage for Park's claim in full and, because Park did not seek an appraisal, his suit is barred under the statute as a matter of law. *See id.* § 2210.574(f), (h). It points to a "Notice of Claim Acceptance" it sent to Park on November 16, 2017, which was attached to its plea to the jurisdiction and motion for summary judgment. That notice stated in part:

> We received notice on August 26, 2017 that your property sustained windstorm or hail damages on August 26, 2017. You asked us to consider the following damages for coverage under your policy, which we confirmed are covered by your policy:
>
> - Roof damage caused by wind
> - Exterior damage caused by wind
> - Interior damage caused by wind or wind driven rain
> - Personal property damage caused by wind or wind driven rain
>
> We have accepted your claim in full. Our determination of the reasonable cost to repair the damage caused by windstorm or hail is reflected in the enclosed estimate and loss recap. Your claim payment of $168,896.36 represents the Actual Cash Value (ACV) of your claim and will be mailed separately, this number includes previous advance payment. Once you have completed repairs to the damaged property per the enclosed estimate, you may make a claim for the actual amount you spent for necessary repairs.

7

Our determination of your claim payment was based on an estimate of the costs to repair your property. The best way to determine the amount payable for your claim is to have a qualified contractor who is willing to do the work submit their bid for the same repairs reflected in our estimate. If you are not able to have the work performed for the amount we estimated, we ask you to contact us as soon as possible so we can assist you in determining the best way to reach an agreement on the amount payable for your claim. If you discover additional damages while making repairs and wish to present them for consideration, please contact us as soon as possible and provide any information you would like for us to consider. We will evaluate this information and determine if additional amounts can be paid.

The notice contained a section entitled "If You Disagree With The Payment Amount," explaining as follows:

If you believe the claim payment amount is insufficient, tell us why you disagree and provide us with any information you have to support the amounts claimed, such as estimates, reports, receipts, invoices, photographs, a personal property inventory, and a description of all loss and damage that you claim. We will consider all information that you provide and let you know if additional amounts can be paid.

If you still disagree with the amount paid for your claim, you may request to resolve the disputed amount through the appraisal process. . . .

**All disputes concerning the payment amount for an accepted claim under your insurance policy must be resolved through the appraisal process.**

(Emphasis in original.) The notice described the steps necessary for Park to request an appraisal and included an "Appraisal Request Form" to be filled out and returned to TWIA.

A copy of Park's policy, which was also attached to TWIA's plea and motion, states in part that "[i]f you dispute the amount we will pay for a claim, your exclusive remedy under this policy is appraisal."

In his response to TWIA's plea and motion, Park argued that TWIA actually denied coverage for a portion of his claim because his "claim was for the total loss of his home" but TWIA "did not pay a total loss." In support of this argument, Park attached a

8

declaration in which he averred that, when he first observed the damage on August 26, 2017, he reported the following damages to TWIA:

- windows had been blown out;
- the chimney had blown off the roof;
- the front porch had blown away;
- the roof was peeled back exposing the interior to the elements;
- a tree had blown down and ruptured the septic line;
- rafters had snapped in the ceiling/attic;
- the ceiling had completely collapsed in the bedroom;
- the interior floor and carpet were completely soaked; and
- there were several inches of water standing in the garage.

Park's response also included correspondence sent between his counsel and TWIA's counsel in April 2018. His counsel sent a letter on April 21, 2018, disputing the amount paid by TWIA and stating in part:

> Mr. Park's claim was far more extensive than what your client maintains. Mr. Park's claim was, and is, for policy limits due to a total loss. The house needs to be bulldozed and rebuilt in its entirety, all of his personal property needs to be replaced, and he is entitled to ALE.
>
> In accordance with the law and TWIA's own policy, only items that TWIA paid for are subject to appraisal. TWIA did not pay to replace every item on the house from foundation up. Nor did TWIA pay for Mr. Park's personal property or [ALE]. TWIA only paid for select items. Please forward payment for policy limits for the entire house, all personal property, and [ALE].

TWIA's counsel replied with a letter on April 24, 2018, stating in part:

> As you're aware, it is TWIA's position that we believe is supported by the law that your remedy with respect to the dwelling claim is through appraisal. As appraisal has been invoked by your client,[1] TWIA will rely upon the decision of the appraisers, or if required an umpire, subject to its rights under Tex. Ins. Code, §2210.574(g). Despite your client invoking appraisal, he has not named his appraiser. Although TWIA has done so, appraisal cannot move forward without his naming an appraiser.
>
> With respect to the personal property claim, TWIA did accept coverage for damage to Mr. Park's personal property. . . . If the contents claim was

---

[1] Although his counsel's April 21, 2018 letter mentioned appraisal in passing, Park does not direct us to any part of the record containing a demand for appraisal, and we find none.

9

underpaid, then the remedy for that is appraisal. TWIA is reviewing this recent inventory submission at this time.

Finally, with respect to the claim for additional living expenses, ALE is only available in policies insuring primary dwellings. The Declarations page for the insured property notes it was being occupied as a secondary dwelling. Under the applicable 320 endorsement, which your client had, ALE is "applicable to primary Residences-Dwellings." Therefore, Mr. Park is not eligible to receive ALE.

Park additionally argued that "TWIA systematically refuses to pay policy limits on claims that its adjusters determine to be total losses and instead recharacterizes the affected properties as 'repairable,' allowing TWIA to avoid paying millions of dollars to its insureds that its own adjusters determine should be paid." He attached an affidavit by Joseph P. Ward, a licensed insurance adjuster, who stated that he worked for an independent adjusting firm that was retained to adjust claims for TWIA following Hurricane Harvey. According to Ward, TWIA instructed its field adjusters not to create an estimate if they determined that a claim was a "total loss"—i.e., if the amount of the loss exceeded the policy limits. He stated that field adjusters had "authority up to $20,000," meaning that if they determined the damages were less than $20,000, they could create an estimate and pay the claim; but if the damages were over that amount or represented a "total loss," the claim was "passed on" to someone at the adjusting firm or at TWIA who had "more authority." Ward stated that "[m]any of the adjustments that I turned in were reduced by someone up the chain . . . [W]hoever reduced these losses did so without ever visiting the property, without questioning me, and without contacting me in any shape or form."

**D.    Analysis**

TWIA argues that the trial court's ruling is directly contrary to the First Court of Appeals' decision in *TWIA v. Jones*, 512 S.W.3d 545, 546 (Tex. App.—Houston [1st Dist.]

10

2016, no pet.). In that case, the roof of Jones's house sustained hail damage and he filed a claim against his insurer, TWIA; but after an inspection by an independent adjuster, TWIA determined that a full roof replacement was not warranted. *Id.* at 546. TWIA sent a "Notice of Claim Acceptance" advising Jones that "TWIA **accepts** coverage for the claim." *Id.* at 547 (emphasis in original). The notice further stated: "If you dispute the amount of loss we will pay for the claim, you may request that this amount be determined through the appraisal process. **All disputes concerning the amount of payment for an accepted claim under your insurance policy must be resolved through the appraisal process**." *Id.* (emphasis in original). As here, the notice contained a form for Jones to fill out in order to request an appraisal. *Id.*

Jones did not request an appraisal. *Id.* at 548. Instead, unsatisfied with the amount TWIA was willing to pay for roof repairs, he filed a first-party suit against TWIA for breach of contract and violations of insurance code §§ 2210.575 and 2210.576. *See id.* TWIA filed a plea to the jurisdiction contending that §§ 2210.575 and 2210.576 do not apply because TWIA accepted coverage for the claim in full; the Joneses argued in response that TWIA actually accepted coverage in part and denied it in part. *Id.* The trial court denied the plea to the jurisdiction, but the First Court of Appeals reversed. *Id.* As here, the issue was whether TWIA had actually "accepted coverage for [the] claim in full." *Id.* at 550. Jones argued that TWIA "partially denied coverage because it did not offer to pay the total amount of the loss he believed he had suffered. In other words, the partial payment of his claim was a partial denial of his coverage." *Id.* The court disagreed with that argument, reasoning as follows:

> This assertion conflates two concepts that have distinctly different meanings. A "claim," as defined by the statute, is a request for payment. [TEX. INS. CODE ANN.] § 2210.571(2). "Coverage" is the term used to

11

describe whether or not the given policy will pay for that loss, or whether or not the claim fits within the scope of coverage. These distinctions are consistent across coverage questions of every sort of insurance policy.

. . . .

Under the statutory scheme in the case a[t] bar, TWIA accepts or denies coverage of the claim and then proceeds to evaluate the amount it will pay to compensate the claimant for the claim. The acceptance or denial of "coverage" is the triggering event which determines the path the claimant can follow. If coverage for the claim is accepted, the claimant can dispute the amount offered through appraisal. If the claim is rejected, the claimant can proceed with his legal remedies.

*Jones*, 512 S.W.3d at 550–51. The court held that the "Notice of Claim Acceptance" indicated that TWIA "accepted coverage in full for Jones's claim for damage to his roof." *Id.* at 551. Jones argued that there was a fact issue because the notice stated in part that "TWIA's coverage and payment determinations are summarized below" and "TWIA accepts the following portion(s) of your claim: All damages detailed on the enclosed estimate." *Id.* He contended that there would be no reason for TWIA to specify that it was accepting a "portion" of the claim or to identify that "portion" if it in fact had accepted coverage in full. *Id.* But the First Court held that this constituted "no evidence showing that TWIA denied any portion of [Jones's] claim." *Id.*

### 1. Jurisdiction

As noted, TWIA's first issue argues that the trial court lacked jurisdiction over Park's claims. It notes that chapter 2210 states that it is the "exclusive remed[y]" for any claim against TWIA or its agents or representatives. *See* TEX. INS. CODE ANN. § 2210.572(a). Chapter 2210 also provides that TWIA "may not be held liable for damages under Chapter 17, Business & Commerce Code, or, except as otherwise specifically provided by this chapter, under any provision of any law providing for additional damages, punitive damages, or a penalty." *Id.* § 2210.572(c). But these

12

sections do not state that a trial court lacks subject matter jurisdiction over a claim raised against TWIA outside of the purview of the statute, nor do they imply that a trial court lacks subject matter jurisdiction over a claim properly raised under the statute but deficient on the merits. *Cf. Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 109 (Tex. 2014) (holding that local government code chapter 271 "waives immunity for contract claims that meet certain conditions" and therefore, to invoke waiver under that statute, a plaintiff must raise "a substantial claim that meets" those conditions); *State v. Lueck*, 290 S.W.3d 876, 881, 883 (Tex. 2009) (holding that "the elements" of an action against a governmental entity under the Texas Whistleblower Act "can be considered as jurisdictional facts" and "can be considered to determine both jurisdiction and liability" because the statute waives immunity only for allegations of a "violation" of the statute). Importantly, TWIA has never alleged that it is a governmental entity which retains immunity to suit in the absence of a clear and unambiguous legislative waiver of immunity.[2]  And though § 2210.572 provides that TWIA "may not be held liable for damages" under any other statute, that concerns only immunity from liability, which does not implicate subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 224.

We conclude that Park has met his burden to allege facts affirmatively showing that the court has subject matter jurisdiction, and TWIA did not create a fact issue as to any "jurisdictional facts." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *but see Jones*, 512 S.W.3d at 549, 553 (stating, without analysis or reference to authority, that whether TWIA partially denied coverage for Jones's claim is a "jurisdictional fact" and concluding that

---

[2] If TWIA were in fact a governmental entity entitled to immunity from suit, it would also be entitled by statute to an interlocutory appeal of the trial court's order denying its plea to the jurisdiction, and there would be no need for it to have sought a permissive interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

13

"jurisdiction does not exist because there is no denial of coverage upon which Jones may bring suit"). Therefore, the trial court did not err in denying the plea to the jurisdiction, and we have jurisdiction over this appeal. We overrule TWIA's first issue.

### 2. Summary Judgment

TWIA did not establish that the trial court lacked jurisdiction over Park's claims. However, we find *Jones* applicable and persuasive as to the grounds raised in TWIA's summary judgment motion. As in *Jones*, TWIA sent a "Notice of Claim Acceptance" to Park in which it stated that it was paying a certain amount for his claim and that "[a]ll disputes concerning the payment amount for an accepted claim under your insurance policy must be resolved through the appraisal process." In some ways, the notice to Park was clearer and less ambiguous than the one considered in *Jones*—in particular, unlike the notice in *Jones*, the notice to Park did not state that "TWIA accepts the following *portion(s)* of your claim" (emphasis added), and the appraisal request form attached to Park's notice did not suggest that the claim was denied in part. *See Jones*, 512 S.W.3d at 547 (observing that the appraisal request form sent to Jones stated in part: "I/We have received TWIA's NOTICE OF CLAIM ACCEPTANCE IN PART AND DENIAL IN PART.").

On the other hand, whereas the notice in *Jones* stated that TWIA "accepts *coverage* for the claim," the notice to Park stated that TWIA "accepted *your claim* in full" (emphasis added). This statement arguably conflates the concepts of "coverage" and "claim," just as the plaintiff did in *Jones*.[3] But this flaw does not change the legal effect of

---

[3] The title of the notice—"Notice of Claim Acceptance"—also arguably conflates the concepts of "coverage" and "claim." But that was also the title of the notice in *Jones*. *See Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 547 (Tex. App.—Houston [1st Dist.] 2016, no pet.). To avoid ambiguity, and to be consistent with the terminology used in the statute, such notices should instead make clear that TWIA is accepting *coverage* for the claim, not that it is accepting the claim itself.

TWIA's decision to fully accept coverage for Park's claim, nor does it indicate in any way that coverage for Park's claim was, in actuality, fully or partially denied.

Park contends that there is a fact issue as to whether coverage was partially denied because the notice's list of damages for which coverage was accepted did not include all of the various elements he reported in his claim. We disagree. The notice explained that coverage for Park's claim was accepted in full because (1) he claimed damages to the roof, exterior, interior, and personal property caused by wind or wind-driven rain, and (2) those damages are covered by the policy. Although Park stated in his declaration that he reported more specific damages to TWIA, each of the damages he claimed are encompassed by the broad categories set forth in the notice. For example, Park averred that "the chimney had blown off the roof," and while TWIA's notice did not specifically mention the chimney, it stated that his claim for "[e]xterior damage caused by wind" was accepted, and this category covers the chimney damages. Nothing in the notice could be construed as a denial of coverage for any part of Park's claim.[4]

Because coverage for Park's claim was accepted in full and Park did not demand an appraisal under the policy, he waived his right to contest TWIA's determination of the amount of loss it would pay, and his suit is barred. *See* TEX. INS. CODE ANN. § 2210.574(f), (h); *Jones*, 512 S.W.3d at 550–52.[5]

---

[4] Park argues that TWIA denied coverage for ALE. That may be true, but there is no allegation or evidence that Park requested ALE in his initial claim, which is the subject of the suit. Instead, the request was first made in his attorney's letter of April 21, 2018. In any event, the summary judgment evidence—including the policy, which shows that the property at issue was insured as a "secondary dwelling"—established as a matter of law that TWIA did not breach the policy by refusing to pay ALE.

[5] As noted, Park alleged in his response that TWIA's plea and motion should be denied due to the doctrines of judicial admission and judicial estoppel. Specifically, he asserted that TWIA's position in the plea and motion is contrary to the position it took in another case, *TWIA v. Fried*, where it argued that "the scope of appraisal [under the policy and chapter 2210 is] limited to the accepted items for coverage." *See Jones*, 512 S.W.3d at 552–53 (rejecting same argument on procedural grounds). Park does not mention these grounds in his brief on appeal. In any event, we conclude that the trial court erred if it denied summary

15

Park's allegations of "systematic" malfeasance by TWIA are disturbing, but they do not change this result. He contends that TWIA "refuses to pay policy limits" even when its own adjuster initially determines that a claim is a "total loss." But he does not cite any authority, nor do we find any, establishing that TWIA is required to accept the estimate of the first adjuster that inspects the damaged property, or that it is prohibited from accepting the estimate of an adjuster who does not personally visit the property. While the insurance code allows a claimant to challenge an appraisal decision that was obtained by corruption, fraud, or other undue means, *see* TEX. INS. CODE ANN. § 2210.574(g), it contains no similar provision with respect to challenging TWIA's initial determination of the amount of loss. Moreover, TWIA's "Notice of Claim Acceptance" advised Park that, in the event he incurs additional costs in making repairs, he can make a claim for the amounts actually spent.

In any event, Park's response to the summary judgment motion argued only that (1) there is a fact issue with respect to whether TWIA accepted his claim "in full" and (2) TWIA is precluded from taking its position due to the doctrines of judicial admission and judicial estoppel. Therefore, to the extent Park asserts on appeal that summary judgment was properly denied because he produced evidence that TWIA mishandled his claim for any other reason, we cannot affirm the judgment on that basis. *See Stiles v. Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.").

We conclude that TWIA established its entitlement to judgment as a matter of law on Park's claims, and the evidence in the record does not create a fact issue. Accordingly,

judgment for this reason.

16

the trial court erred by denying TWIA's motion for summary judgment.  *See* Tᴇx. R. Cɪv. P. 166a(c).  TWIA's second issue is sustained.

### III. Cᴏɴᴄʟᴜsɪᴏɴ

We affirm the trial court's denial of TWIA's plea to the jurisdiction, but we reverse the trial court's denial of TWIA's summary judgment motion.  We render judgment granting TWIA's summary judgment motion and providing that Park take nothing by way of his claims against TWIA.

DORI CONTRERAS
Chief Justice

Delivered and filed the
25th day of April, 2019.