# NO. 12-22-00030-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANGELENA DENTIS BAIZE,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Angelena Dentis Baize, acting pro se, filed a petition for permissive appeal. We deny the petition.

## STANDARD OF REVIEW

Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). Section 51.014 of the Texas Civil Practice and Remedies Code designates civil orders that may be appealed on an interlocutory basis, and it is strictly construed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2020); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Section 51.014(d) permits an interlocutory appeal of an otherwise unappealable order upon the trial court's certification of the statutory requirements, that is, the order involves a controlling question of law on which there is substantial ground for disagreement and an immediate appeal may materially advance the ultimate resolution of the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). A court of appeals has discretion to accept or refuse to hear a permissive appeal. *Id.* § 51.014(f). The scope of a permissive appeal is limited to consideration of the controlling issues identified in the trial court's order. *See Tex.*

1

***Windstorm Ins. Ass'n v. Jones***, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing ***CMH Homes v. Perez***, 340 S.W.3d 444, 447 (Tex. 2011)).

## ANALYSIS

Section 51.014(d) requires a trial court order that includes both the order to be appealed and written permission to appeal the order. ***Colvin v. B. Spencer & Assoc., P.C.***, No. 01-15-00247-CV, 2015 WL 2228728, at *1 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.) (per curiam); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see also* TEX. R. APP. P. 28.3(a) ("When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal"). No such order has been provided to this Court. Additionally, a petition for permissive appeal must

> (1) contain the information required by Rule 25.1(d) to be included in a notice of appeal;
> (2) attach a copy of the order from which appeal is sought;
> (3) contain a table of contents, index of authorities, issues presented, and a statement of facts; and
> (4) argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. R. APP. P. 28.3(e). On February 15, 2022, the Clerk of this Court notified Baize that her petition failed to comply with these requirements, but Baize did not file an amended petition to correct the defects. Importantly, Baize's petition fails to contain clear and concise arguments to enable this Court to evaluate the merits of any controlling questions of law appropriately before us. *See id.*; *see also* ***Ace Am. Ins. Co. v. Guerra***, No. 13-16-00628-CV, 2017 WL 929485, at *1 (Tex. App.—Corpus Christi Mar. 9, 2017, no pet.) (mem. op.). Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.). Accordingly, Baize has not met the strict requirements for a permissive appeal.

## DISPOSITION

For the reasons expressed above, we ***deny*** Baize's petition for permissive appeal.

Opinion delivered March 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 9, 2022**

**NO. 12-22-00030-CV**

**ANGELENA DENTIS BAIZE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas

THIS CAUSE came to be heard on Appellant's petition for permissive appeal; and the same being considered, it is the opinion of this Court that the petition should be denied.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the petition for permissive appeal be, and the same is, hereby **denied**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*