**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-23-00333-CV

_____

**PENALOZA CONSTRUCTION, LLC, NOE PENALOZA, FILIBERTO PENALOZA-DUARTE, AND OFELIA DUARTE, Appellants**

**V.**

**FONDREN HEIGHTS, LLC, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCV-290567**

---

## MEMORANDUM OPINION

Penaloza Construction, LLC and its three officers, Noe Penaloza, Filiberto Penaloza-Duarte, and Ofelia Duarte (collectively, "Penaloza Construction"), appeal the trial court's default judgment, alleging federal and state constitutional violations.

Because we conclude Penaloza Construction waived its sole appellate issue by inadequate briefing, we affirm the trial court's judgment.

## BACKGROUND

This suit began when Smyrna Ready Mix, LLC, a concrete supplier, sued Fondren Heights, LLC and Penaloza Construction. Smyrna Ready Mix alleged it was never paid for concrete it provided to Penaloza Construction to complete a construction project on property owned by Fondren Heights.[1]

Fondren Heights then filed a third-party petition asserting a cross-claim against Penaloza Construction and its three officers. Fondren Heights alleged it hired Penaloza Construction to complete concrete work on its property, and Penaloza Construction bought concrete from Smyrna Ready Mix and another company, both of which supplied the concrete, but Penaloza Construction never paid those companies. Fondren Heights alleged that, to prevent these companies from foreclosing on their mechanic's liens on Fondren Heights' property, Fondren Heights paid the outstanding balance owed by Penaloza Construction. Fondren Heights sought to collect from Penaloza Construction the amount it paid the two companies on Penaloza Construction's behalf. Fondren Heights also alleged that because Penaloza Construction had forfeited its corporate charter, its three

---

[1]     Fondren Heights later settled with Smyrna Ready Mix, and the trial court dismissed all of their claims against each other. Smyrna Ready Mix is not a party to this appeal.

officers—Noe, Filiberto, and Ofelia—were individually liable for the company's debts.

Citing multiple unsuccessful in-person service attempts, Fondren Heights filed a motion for alternative service of its third-party petition against Penaloza Construction, which the trial court granted. The trial court authorized Fondren Heights to serve Penaloza Construction at the address of its registered agent, the same address where all three officers were believed to reside, by delivering a copy of the citation and petition to anyone over 16 years of age at the address or by attaching a copy of the citation and petition securely to the front door. Fondren Heights served Ofelia in person and Noe and Filiberto by alternative service, but none of the three answered or made an appearance in the suit, individually or on behalf of Penaloza Construction.

Fondren Heights filed a motion for default judgment against Penaloza Construction, stating that Penaloza Construction and its officers had been properly served but failed to answer or appear in the suit. The trial court signed the default judgment on April 11, 2023, awarding Fondren Heights damages in the amount of $94,998.78 against Penaloza Construction and its officers, jointly and severally, as well as $5,000 in attorney's fees.

Penaloza Construction filed a notice of appeal on April 11, 2023, just over three weeks after the trial court signed the default judgment.

**DISCUSSION**

Penaloza Construction contends the trial court erred in granting a default judgment in violation of its rights under the Fifth and Fourteenth Amendments of the United States Constitution and under Article 1, Section 19 of the Texas Constitution.[2]

### *Briefing Waiver*

An appellate brief should "acquaint the court with the issues in a case and . . . present argument that will enable the court to decide the case." TEX. R. APP. P. 38.9. Specifically, an appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The reviewing court has no duty to independently review the record to find error. *Sammour v. Adler*, No. 02-21-00086-CV, 2022 WL 963845, at *2 (Tex. App.—Fort Worth Mar. 31, 2022, no pet.) (mem. op.). A party whose brief fails to make a clear argument for its contentions waives the issue on appeal. *Izen v. Comm'n for Law. Discipline*, 322 S.W.3d 308, 322 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief [an] appellant's issue for [it]. Failure to . . .

---

[2]    Penaloza Construction referred to "Section 1.9 of the Texas Constitution" in its appellate brief, but we presume it intended to refer to the due course of law provision in Article 1, Section 19, which is substantively similar to the due process of law provisions in the federal Fifth and Fourteenth Amendments.

provide substantive analysis waives an issue on appeal."). A party can waive even constitutional issues by inadequate briefing. *See In re E.R.C.*, 496 S.W.3d 270, 278 (Tex. App.—Texarkana 2016, pet. denied) (holding appellant waived constitutional issues by failing to explain how constitutional rights were violated).

In its appellate brief, Penaloza Construction states that the trial court violated its constitutional rights but provides no further argument. The brief quotes and summarily explains the Fifth and Fourteenth Amendments of the United States Constitution but does not explain how they are implicated in this case. The brief contains no citations to the record, so we cannot infer which of the trial court's actions supposedly violated Penaloza Construction's rights, nor how the supposed violation resulted in the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1) (no judgment may be reversed on appeal unless error complained of probably caused rendition of improper judgment). Penaloza Construction may not obtain appellate review of an issue by making bare assertions of error and failing to provide any argument supporting its complaint.

Accordingly, Penaloza Construction has waived its only issue on appeal because that issue is inadequately briefed. *See Izen*, 322 S.W.3d at 322; *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we

discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other.").

## *Error Preservation*

Even if Penaloza Construction had argued the trial court erred by failing to set aside the default judgment, the record indicates Penaloza Construction did not preserve this issue for appeal.

In any appeal, the appellate record must show the appellant preserved error by making a complaint to the trial court by timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and the trial court either ruled on it or refused to rule on it. TEX. R. APP. P. 33.1(a). For a direct appeal from a no-answer default judgment, as here, a motion for new trial is required to preserve issues for appellate review. *Yezak v. State*, No. 05-21-01046-CV, 2023 WL 4286025, at *2 (Tex. App.—Dallas June 30, 2023, no pet.) (mem. op.); *see also* TEX. R. CIV. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite to . . . [a] complaint on which evidence must be heard such as . . . [a] failure to set aside a judgment by default[.]").

A party seeking to set aside a default judgment in the trial court must offer evidence to satisfy the *Craddock* factors,[3] and a motion for new trial is the proper

---

[3] The *Craddock* factors require the defaulting party to show that: (1) the failure to appear was not intentional or the result of conscious indifference but was the result of a mistake or an accident; (2) the defaulting party has a meritorious defense; and

vehicle to introduce new evidence into the trial court's record after judgment. *Ford v. Skyline Mobile Home Ests.*, No. 02-22-00244-CV, 2023 WL 3749890, at *2 (Tex. App.—Fort Worth June 1, 2023, no pet.) (mem. op.). A party that needs to introduce evidence to explain its failure to appear must do so in a motion for new trial to preserve error because, on appeal, the appellate court may only consider evidence in the appellate record. *See* TEX. R. APP. P. 34.1 (appellate record consists only of clerk's record and, when necessary, reporter's record). An appellate court cannot consider new evidence outside the record. *See Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Evidence that is not contained in the appellate record is not properly before this Court."). Thus, we may not consider an affidavit outside the appellate record even if it is attached to or cited in an appellate brief. *E.g.*, *Raley v. Daniel K. Hagood, P.C.*, No. 05-18-00914-CV, 2019 WL 5781916, at *2 (Tex. App.—Dallas Nov. 6, 2019, pet. denied) (mem. op.) ("Attaching documents as exhibits or appendices to a brief does not make them part of the record on appeal and we cannot consider them."); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We cannot consider documents attached to an appellate brief that do not appear in the record.").

---

(3) granting a new trial will not cause delay or cause injury to the other party. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

Here, Penaloza Construction filed its notice of appeal less than 30 days after the trial court signed the default judgment. Thus, Penaloza Construction had the opportunity to timely file a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (motion for new trial must be filed within 30 days after judgment is signed). Penaloza Construction did not file a motion for new trial or introduce any evidence into the trial court's record to satisfy the *Craddock* factors and explain its failure to appear. Although Filiberto Penaloza-Duarte, one of the company's officers, attempts to explain the reasons for Penaloza Construction's failure to appear in an affidavit cited in the appellant's brief, we may not consider this affidavit because it was not introduced in the trial court and is not part of the appellate record. *See Raley*, 2019 WL 5781916, at *2; *Till*, 10 S.W.3d at 733.

Even if Penaloza Construction had raised on appeal any error in the trial court's failure to set aside the default judgment, it did not preserve error and would have waived appellate review of the issue. *See* TEX. R. APP. P. 33.1(a).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.